887 F.2d 1082
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edna H. Robinson WYATT, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 89-2943.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 24, 1989.
Decided: Sept. 11, 1989.
 
 Samuel F. Furgiuele, Jr. (Legal Services of the Blue Ridge, Inc.), on brief, for appellant.
 Thomas J. Ashcraft, United States Attorney, Clifford Carson Marshall, Jr. (Office of the U.S. Attorney), on brief, for appellee.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Edna H. Robinson Wyatt appeals the February 19, 1989 order of the district court denying her disability benefits and supplemental security income benefits under 42 U.S.C. Sec. 401 et seq. and 42 U.S.C. Sec. 1381. The district court, on the Secretary's motion for summary judgment, found that there was substantial evidence to support the conclusion of an Administrative Law Judge (ALJ) that Wyatt was not disabled between March 15, 1981 and March 30, 1983, that Wyatt was disabled between March 30, 1983 and September 24, 1984, and that she has not been disabled since September 24, 1984. Wyatt's appeal to this court is based on two claimed errors: (1) that the findings of no disability were not based on substantial evidence, and (2) that the ALJ committed legally reversible errors in his application of the standard for disabling pain and by failing to adequately explain his findings. Because we find the Secretary's decision is grounded upon a correct view of the law and is supported by substantial evidence, we affirm.
 
 
 2
 * We first consider whether the denial of benefits was supported by substantial evidence. The basic facts and procedural history of this case were elaborated in some detail by the district court and need not be repeated at any length. It is worth noting only that the claimant was 32 years old in December, 1986, the time of the ALJ's decision, and that she has a tenth grade education. Claimant's contention is that she was and is disabled by severe pain in her lower back and legs.
 
 
 3
 Briefly stated, in a Social Security disability inquiry the ALJ must determine sequentially (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments, (4) whether the claimant's impairment prevents past relevant work, and (5) whether the claimant's impairment prevents any substantial gainful employment. The ALJ in this case appears to have assumed that plaintiff did not engage in substantial gainful activity for the two periods in question. He made specific findings that she suffered from a severe impairment, pain. Most important, denial of benefits was based on a finding that this impairment did not prevent substantial gainful employment because Wyatt retained a residual functional capacity for sedentary work as defined at 20 C.F.R. Secs. 404.1567 and 416.967 (1988).[1] Our review is limited to the correctness of this last finding.
 
 
 4
 Evidence concerning disability began with Wyatt's complaints of numbness in her left leg and pain in her lower back and right leg in 1980. Plaintiff was admitted to an Asheville hospital for extensive tests in November, 1980. At that time her treating physicians determined that "Cranial nerve exam was within normal limits," that "She was able to walk, heel walk and do knee bends without difficulty," that "Flexed leg reflex and Patrick's maneuver were negative bilaterally," that "Straight leg reflex on the left was negative," and that "Straight leg reflex on the right at about 75 degrees resulted in some low back and right leg discomfort." Moreover, although upon initial examination "EMG and nerve conduction studies performed by Dr. McGhee were somewhat suspicious for denervation of the L5 foot on the right," the results of subsequent tests, including a lumbar myelogram, bone scan, CT scan, and lumbar epidural venogram were within normal limits. In short, there was "no etiology found for her right leg discomfort."
 
 
 5
 During the next summer, in July, 1981, plaintiff requested medicine for pain in her legs. In July, 1982, her physician recorded that her right leg still bothered her. Plaintiff filed for social security benefits in October, 1982. In December, 1982, she was reexamined by an orthopedist. This physician found that plaintiff genuinely suffered from pain in her hips and lower extremities, but also determined that "She has normal strait leg raising," "no crepitation, heat, redness, or swelling, no synovitis or effusion," that her "hip motions were normal," that "She could flex the hip to ninety degrees bilaterally," had "normal back curvatures," "normal pulsations in the posterior and anterior arteries." "She could stand on her toes with no problems and stand on her heels," there was "no evidence of sacro-iliac joint involvement," and that "we were not able to come up with any abnormalities" in turning, as in bed. In sum, "orthopedically speaking, we really did not come up with too much real objective findings." Plaintiff was eventually found disabled for the period March, 1983 to September, 1984, but the immediate question is whether there is substantial evidence to support the ALJ's finding that she was not disabled between April, 1981 and March, 1983.
 
 
 6
 Although it is true that plaintiff testified to considerable pain, and that her examining physicians, particularly in December, 1982, recognized the existence of pain, the above facts are more than sufficient to sustain the ALJ's ruling that plaintiff could, nonetheless, perform sedentary work between 1981 and early 1983. Certainly the conclusions that orthopedically there were not "too much real objective findings," and that there "was no etiology found for her right leg discomfort" represent "more than a scintilla of evidence" or at least "somewhat less than a preponderance" that the claimant was not disabled. Richardson v. Perales, 402 U.S. 389, 401 (1971). Under the law, that is all that is required. To reach an alternate conclusion would demand that we engage in the sort of de novo review of the facts that is not this court's function.
 
 
 7
 Turning to the question of whether the ALJ's decision denying benefits after September, 1984 is supported by substantial evidence, we are confronted with a slightly different problem, because denial of benefits for this period depends on a determination that plaintiffs' earlier disability had ended. Claimant's disability resulted from a finding that in the summer of 1983 plaintiff suffered from spondylolisthesis, for which she underwent surgery in late August, 1983. Claimant was awarded benefits for a period of about eighteen months. In order for the Secretary to discontinue benefits it must be shown that (1) the claimant has undergone medical improvement, and (2) that the claimant thereby became able to engage in substantial gainful activity. 42 U.S.C. Sec. 423(f)(1)(A), (B)(i). As the district court noted, medical improvement is any decrease in the medical severity of any impairment which was present at the time of the most recent favorable decision that a claimant was disabled or continued to be disabled. 20 C.F.R. Secs. 404.1594(b)(1); 416.994(b)(1)(i) (1988).
 
 
 8
 The medical evidence relative to pain for the period beginning in September, 1984 was that, thirteen months after her operation, "[Claimant] is doing extremely well. She still has some mild mid low back pain and right leg pain but is markedly improved as compared to the pain she had prior to surgery. She is doing all of her normal activities. She is taking no medication except occasionally she still takes a Tylenol # 3." Her physician added that "Straight leg raising in a sitting position is negative to horizontal." Although claimant continued to complain of leg pain, at her most recent medical exam, in September, 1986, her physician stated that the "Motor examination of the legs reveals no atrophy." He found that her "Range of motion reveals that she can bend forward approximately 90 degrees. No positive straight leg raising is noted. Lateral flexion appears quite normal bilaterally." In short, although there was leg pain, its etiology remained undetermined, and there was no evidence of nerve root dysfunction. In 1986 her physician made no findings as to how long plaintiff could stand or sit despite the pain, but found that reaching, handling, feeling, seeing, hearing, and speaking were unaffected by the impairment.
 
 
 9
 We believe that these findings are substantial evidence that plaintiff has undergone medical improvement and that she is able to perform sedentary work. It is true that there was contrary evidence introduced, but it is not this court's task to begin anew the process of evaluating factual evidence. We must affirm the ruling if there is sufficient evidence "which a reasoning mind would accept as sufficient to support a particular conclusion," or if there is enough "evidence to justify a refusal to direct a verdict were the case before a jury." Perales, 402 U.S. at 401. The Secretary's decision in this case meets these standards.
 
 II
 
 10
 Finally, plaintiff has complained of two legal errors. First, she argues that the ALJ incorrectly applied the standard for evaluating disability claims based on pain because he required objective medical evidence of disabling pain. This court has held that a requirement of "a direct tie between objective medical findings and a specific level of pain" is improper, and that there need only be "evidence of a condition that could reasonably produce pain, not objective evidence of the pain itself or its degree" in order to support a finding of disability. Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir.1986); 42 U.S.C. Sec. 423(d)(5)(A). This case is entirely distinguishable from Foster because there the ALJ determined that a finding of no disability was required when there was no specific, objective medical finding of severe pain. Here, the ALJ simply determined that on the basis of all the evidence the pain was not disabling. Plaintiff seems to want this court to adopt a rule that whenever there is any objective evidence of pain corroborated by the claimant's testimony that the ALJ must find the claimant disabled. Such a rule would improperly limit the fact finding authority of the ALJ as well as the statute's requirement that "Objective medical evidence of pain ... must be considered in reaching a conclusion as to whether the individual is under a disability." 42 U.S.C. Sec. 423(d)(5)(A). The ALJ's evaluation under the pain standard was proper.
 
 
 11
 Second, plaintiff argues that the ALJ did not satisfy what she contends was his obligation to discuss her own statements of pain and to explain the reasons on which his rejection of it was based. The duty of explanation "is especially crucial in evaluating pain," and the Secretary's decisions "should refer specifically to the evidence informing the ALJ's conclusion." Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir.1985) (per curiam). Claimant argues that an unpublished decision of this court, Smith v. Heckler, No. 84-2134 (4th Cir. February 3, 1986), indicates that the explanation here was inadequate. Smith is distinguishable because it was concerned only with whether the claimant was fit for his usual work, as the ALJ found, even though there was uncontradicted testimonial evidence that the precise nature of his work was more strenuous than categorized by the ALJ. The ALJ failed to address this evidence, and this was clear error. The case had nothing to do with evaluation of pain and the reversal was grounded in the above stated rule that the ALJ had failed to provide an articulated basis for the decision. Contrary to claimant's contention, the duty of explanation will be satisfied when the ALJ presents "us with findings and determinations sufficiently articulated to permit meaningful judicial review," which must include specific reference to the evidence producing his conclusion. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir.1983); Hammond, 765 F.2d at 426.
 
 
 12
 Turning to the ALJ's explanation in this case, he set forth in detail plaintiff's own account of her pain. He did not reject her assertion that she had severe pain. In explaining why he disagreed with her claims of disabling pain, he restated the medical evidence in detail. He addressed every examining physician's report. He made it clear that it was this medical evidence which formed the basis of his decision. His decision also made it clear that the medical findings indicated that claimant could perform "sedentary work." His statements were sufficiently specific so as to indicate the weight given to relevant evidence and thus inform this court as to the basis of the decision. As a result, there was no error.
 
 
 13
 Because the ALJ's findings were based on a correct view of the law and were supported by substantial evidence, the finding of no disability based on plaintiff's membership in the class of sedentary workers defined at 20 C.F.R. Part 404, Subpart P, App. 2, Table 1, Rule 201.00(h) (1988) is affirmed.
 
 
 14
 AFFIRMED.