Peggy R. HAMMOND, Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.

No. 84–2185.

United States Court of Appeals, Fourth Circuit.

Submitted April 8, 1985.

Decided June 24, 1985.

(Robert L. White, Greenville, N.C., on brief), for appellant.

(Samuel T. Currin, U.S. Atty., R.A. Renfer, Jr., Asst. U.S. Atty., Raleigh, N.C., on brief), for appellee.

Before MURNAGHAN, ERVIN and WILKINSON, Circuit Judges.

PER CURIAM:

Peggy Hammond appeals from a judgment of the district court affirming the Secretary's decision to deny Hammond's applications for social security disability insurance benefits and supplemental security income. Because we find that the Secretary improperly compressed Hammond's claim to fit within one of the Department of Health and Human Services' recognized medical-vocational categories, we vacate the denial of benefits and remand for further individualized proceedings.

Hammond, forty-four years old at the time of the incident precipitating this case, has graduated from high school and has received training as a hospital technician. This training prepared her to work at Pitt Memorial Hospital in Greenville, North Carolina, where her duties included assistance in the movement of bed-ridden patients. On May 29, 1980, Hammond sprained her back while lifting one such patient whom she later estimated to weigh two hundred thirty-five to two hundred forty pounds. Hammond found that the injury left her unable to perform substantial gainful activity, and she applied for social security benefits.

The Social Security Administration denied the claims in October 1982 and again on reconsideration in December 1982, upon which Hammond sought a hearing in her case. In April 1983, an administrative law judge listened to Hammond's testimony and received in evidence the medical records made at the time of the injury by Pitt Memorial Hospital and the medical reports made subsequently by Hammond's physician, Dr. Andrew Best, and by a consultative examiner, Dr. Richard Rawl. The ALJ concluded from this information that Hammond was too severely impaired to return to her position as a hospital technician but that she retained the residual functional capacity to perform a full range of sedentary work. After that step, the adjudicative process was entirely mechanical. The ALJ simply referred to a "grid" published by the Department of Health and Human Services which stated that the national economy provides employment opportunities for a person of Hammond's age and experience who can perform sedentary work. *See* Rule 201.21, Table No. 1 of Appendix 2, 20 C.F.R. § 404, Subpart P. On the basis of that reading, the ALJ rejected Hammond's benefits claims. The decision became the final action of the Secretary when the Appeals Council declined Hammond's request for review.

This court has recently remarked that "when an ALJ uses the grid, the most important finding that the ALJ must make is what kind of physical activity the claimant can sustain." *Gordon v. Schweiker,* 725 F.2d 231, 235 (4th Cir.1984). Given the obvious difficulties in encompassing a very large number of cases within a few general categories, the questions of whether and how to classify claimants raise to a high level the special ALJ "duty of inquiry" described by Justice Brennan in *Heckler v. Campbell,* 461 U.S. 458, 470–473, 103 S.Ct. 1952, 1959–1960, 76 L.Ed.2d 66 (1984). The regulations themselves accordingly require that individual attention be devoted to cases with parameters different from those in the official matrices. *See Heckler v. Campbell,* 461 U.S. at 462 n. 5, 103 S.Ct. at 1955 n. 5. In applying this principle of caution, we have discussed two types of

claimants that the grids inadequately describe: the claimant who suffers a disability present in the absence of physical exertion and the claimant who suffers in exertion a disability that restricts her from performing the full range of activity covered by a category. *Hall v. Harris,* 658 F.2d 260, 265 (4th Cir.1981). In these types of cases, the ALJ may not give preclusive effect to the grids and must produce specific vocational evidence showing that the national economy offers employment opportunities to the claimant. *See respectively Grant v. Schweiker,* 699 F.2d 189, 192 (4th Cir.1983); *Wilson v. Heckler,* 743 F.2d 218, 221–222 (4th Cir.1984).

■ Hammond's claim illustrates both of the limitations to the grid that are explained in *Hall v. Harris.* First, uncontradicted evidence shows that Hammond cannot perform the full range of sedentary work as defined by 20 C.F.R. § 404.1567(a). Hammond suffers from chronic lumbar strain that requires her to wear a back brace, to take both oral and injected analgesics, and to return several times each week to her treating physician, Dr. Best. She testified that she can neither sit nor stand for a full hour, cannot bend, stoop, lift, or climb, and cannot walk more than a few hundred yards twice a week. Dr. Best, whose opinion is entitled to great weight, *DeLoatche v. Heckler,* 715 F.2d 148, 150 n. 1 (4th Cir.1983), concluded that Hammond—even if she could find a position that required none of these prescribed activities—would be fifty to fifty-five percent disabled from performing the job. Hammond's testimony and Best's opinion are completely consistent with the consultative report of Dr. Rawl, which merely confirmed the presence of back strain with associated tenderness and noted the absence of arthritis and scoliosis. The evidence thus unanimously indicates that Hammond is in the same position as the plaintiff in *Wilson v. Heckler:* she cannot perform the full range of sedentary work

because she cannot bend or squat or sit for six hours in an eight-hour day, even if she could perform the walking and standing that might be necessary. *Cf. Wilson,* 743 F.2d 221–222.

■ Apart from Hammond's imperfect correspondence to the sedentary listing in the Health and Human Services' grid, reliance on the exertional table is inappropriate in this case because the Secretary has not adequately accounted for the nonexertional limitation suggested by Hammond's claim that she is constantly in pain. The ALJ simply stated that "In view of the objective medical evidence of record, the undersigned does not find credible the claimant's subjective symptoms including pain of a level of severity as to preclude sedentary work activity." In light of the apparent consensus among Hammond, Best, and Rawl that Hammond suffers steady pain, this statement may not stand without some support.* The ALJ is required to make credibility determinations—and therefore sometimes must make negative determinations—about allegations of pain or other nonexertional disabilities. *Smith v. Schweiker,* 719 F.2d 723, 725 n. 2 (4th Cir.1984). But such decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge, *see Gordon v. Schweiker,* 725 F.2d at 235–236 (citing cases), and it is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process, *Van Huss v. Heckler,* 572 F.Supp. 160, 167 (W.D.Va.1983).

■ As the grids may not alone support a denial of Hammond's disability claim, the Secretary retains the burden of producing evidence that the national economy offers employment opportunities to Hammond. The judgment of the district court is there-

---

* This case was decided prior to the enactment of 42 U.S.C. § 423(d)(5)(A), which created a requirement of medical corroboration for a claimant's allegations of pain. As the findings of "pain" and "tenderness" by Best and Rawl satisfy the burden of production imposed by the statute, we need not consider the application of the provision in detail.

fore vacated and the case is remanded to the district court with instructions to remand to the Secretary. If the Secretary offers additional evidence, Hammond's claim should be reconsidered in light of that evidence and any additional evidence that the plaintiff may choose to advance. If no additional evidence is presented, the judgment shall go for the plaintiff.

VACATED AND REMANDED.