808 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harry F. WILLIAMS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-2075.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 9, 1986.
Decided Dec. 12, 1986.
 
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Harry F. Williams, appellant pro se.
 Betsy Clare Steinfeld, William Anthony Kolibash, Office of the United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 Harry Williams appeals from an order of the district court affirming the decision of the Secretary of Health and Human Services (HHS), denying disability benefits.
 
 
 2
 The findings are conclusive if supported by substantial evidence. 42 U.S.C. Sec. 405(g). The district court determined that the findings of the Administrative Law Judge (ALJ) were supported by substantial evidence. We agree with the district court's conclusion.
 
 
 3
 Harry Williams injured his back in 1979 and has not worked since the injury. In 1980 he fell down the stairs, injuring his shoulder. Williams also experiences bouts of vertigo, associated with an ear problem, several times each day. He claims that these conditions, and the pain accompanying them, prevent him from working.
 
 
 4
 The medical evidence from 1979 to the present shows that Williams suffers from lumbosacral strain, and some degeneration of and weakness in the left shoulder. He has a limited range of motion in his left shoulder. Williams' doctors reported that he cannot do tasks involving lifting or bending, and can do limited amounts of sitting, standing or walking. Williams' own testimony supports those conclusions, except that he stated he could sit without pain.
 
 
 5
 The ALJ then considered Williams' testimony of pain. See Foster v. Heckler, 780 F.2d 1125 (4th Cir.1986). The ALJ concluded that Williams' pain was not so constant or of such a degree as to prevent gainful activity. Williams testified that he took 15-20 Tylenol III a month, and did not use the ultrasound machine regularly.
 
 
 6
 The ALJ, after hearing the testimony of a vocational expert, concluded that Williams could perform sedentary work. Hammond v. Heckler, 765 F.2d 424 (4th Cir.1985). Some of Williams' electrical and supervisory skills were transferable to other jobs, and those jobs were available in sufficient quantity in the national economy.
 
 
 7
 We conclude that the Secretary's findings were supported by substantial evidence. We affirm the district court's judgment. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 8
 AFFIRMED.