846 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ross STACY, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 87-1724.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 3, 1988.
Decided April 28, 1988.
 
 Deborah K. Garton, Hensley, Muth, Garton & Hayes on brief for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Marjorie Scharpf, Supervisory Assistant, Regional Counsel, James A. Winn, Assistant Regional Counsel, Department of Health & Human Services, Michael W. Carey, United States Attorney, Gary E. Pullin, Assistant United States Attorney on brief for appellee.
 Before K.K. HALL and WILKINS, Circuit Judges, and W. EARL BRITT, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Ross Stacy appeals from the district court's order affirming the denial of disability insurance benefits. Since the administrative law judge's ("ALJ") decision that Stacy is not precluded from performing sedentary tasks of employment is not supported by substantial evidence and Stacy's medical evidence reveals that he cannot perform any gainful employment, we vacate and remand to the district court for further remand to the Secretary with instructions to award benefits.
 
 
 2
 Stacy is 49 years old and has a seventh grade education. He previously drove a dump truck from 1961 to 1980, and was a custodian at a junior high school from 1980 to 1984. Stacy testified at his administrative hearing that he quit the custodial job because of his musculoskeletal impairments and attendant pain.
 
 
 3
 In 1960, Stacy underwent surgery involving spinal fusion. Following that surgery he was employed as a truck driver for almost twenty years. However, the truck driving aggravated his musculoskeletal problems and when the pain became too severe, he changed jobs and worked as a school custodian. By 1984, Stacy's back problems became so severe he could not continue with the custodial activities.
 
 
 4
 Stacy filed applications for disability insurance benefits and Supplemental Security Income on August 17, 1984. These claims were denied initially and upon reconsideration. Stacy then requested a hearing, which was held on August 24, 1985. The ALJ found that Stacy was not entitled to benefits. Thereafter, Stacy requested the review by the Appeals Council who affirmed the decision of the ALJ. Stacy then appealed to the district court. After oral arguments, the magistrate[1] concluded that the Secretary's decision was supported by substantial evidence.
 
 
 5
 The medical evidence considered by the ALJ consisted of Stacy's hospital records relating to the spinal surgery; a report from Dr. Cancelmo dated June 24, 1966, noting a sliding hiatal hernia; progress notes from Dr. Vaughan, Stacy's treating physician, covering October, 1984, to July, 1985, noting arthritis of the back, hiatal hernia and peptic ulcer disease; a report from Dr. Schmitt, internist, noting multiple arthralgias, status post spinal fusion with no limitation on movements; a report from Dr. Tamea, dated August 1, 1985, noting spinal fusion, pain, rigid back, extensions extremely limited, and restrictions on lifting, bending, climbing, crawling, pushing, pulling or standing for more than two hours; a report from Dr. Demopoulos, a psychologist, noting low average intelligence; a CT Scan report from Dr. Lesko noting herniated nucleus pulposus with neural foramen incroachment and facet spurring; and a report from Dr. Tamea dated April 29, 1986, noting that, after examination of the CT Scan, Stacy was disabled from gainful employment.
 
 
 6
 The ALJ found that Stacy could not resume his past relevant work as a custodian or truck driver but could engage in the full range of sedentary work. He appears to have considered Stacy's pain to be exertional without making a specific finding that it did not rise to the level of a non-exertional impairment. However, the ALJ did concede that the reduced intellectual capacity was non-exertional and therefore the "grids"[2] could not be relied upon. Instead, the ALJ used the "grids" as a framework in deciding that Stacy's capacity to perform sedentary work had not been significantly compromised by his low intelligence.
 
 
 7
 On appeal, Stacy argues that he met or equalled the regulatory requirements in connection with his musculoskeletal impairments. In addition, Stacy contends that the ALJ erred by giving more weight to Dr. Schmitt's report than to a later report submitted by Dr. Tamea which was based upon more thorough testing. Stacy further argues that the ALJ never attempted to properly evaluate his pain and only concluded that it rose to some level of discomfort. Finally, Stacy contends that he presented evidence of two non-exertional impairments (pain and low intelligence), and therefore the Secretary was precluded from relying on the "grids" and should have engaged the services of a vocational expert.
 
 
 8
 We are persuaded by Stacy's arguments. In addition to a lack of substantial evidence supporting the ALJ's denial of benefits, we find the ALJ made several errors. First, when a claimant has presented evidence of non-exertional impairments, the ALJ may not rely on the "grids" but must engage the services of a vocational expert. Hammond v. Heckler, 765 F.2d 424 (4th Cir.1985). Here, Stacy presented evidence of low intelligence and pain. Therefore, the ALJ was precluded from relying on the grids even as a framework. Secondly, we find that the ALJ erred in treating the pain suffered by Stacy as exertional. None of the doctors' reports state that Stacy's pain is suffered only upon exertion. The ALJ appears to have extrapolated this conclusion from Dr. Tamea's statement that restricted Stacy from lifting, bending, climbing, crawling, pushing, pulling or standing for more than two hours. Finally, the ALJ discounted, without substantial basis, the extent of Stacy's pain. Stacy testified at the hearing that he suffered from stomach pain due to an ulcer and hiatal hernia which he must take medication for every day. He also testified as to having severe pain in his lower back, elbows, knees and shoulders. According to Stacy, the medication which he takes only partially relieves the pain. The conditions which cause this pain are well-documented by the medical evidence and the severity of this pain should not have been discounted by the ALJ.
 
 
 9
 We also find that the ALJ erred when he gave more weight to Dr. Schmitt's report rather than Dr. Tamea's. Dr. Tamea's examination took place nine months later than Dr. Schmitt's and was based upon the results of an examination, x-rays and a CT Scan. Dr. Schmitt's report was based on his examination and an x-ray which was read as normal and did not even mention the spinal fusion surgery. In addition, Dr. Tamea is an orthopedic specialist, while Dr. Schmitt is an internist. Dr. Tamea is certainly more qualified to offer an opinion as to Stacy's spinal problems.
 
 
 10
 Finally, we agree with the claimant that his musculoskeletal impairments meet or equal the regulations. Social Security Reg. No. 4, Subpart P, Appendix 1, Sec. 1.05C lists the appropriate criteria which includes: other vertebrogenic disorders (e.g., herniated nucleus pulposus, spinal stenosis) with the following persisting for at least three months despite prescribed therapy and expected to last twelve months, with both 1 and 2:
 
 
 11
 1. Pain, muscle spasm and significant limitation of motion in the spine; and
 
 
 12
 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.
 
 
 13
 Although Stacy's symptoms do not include all the specific terminology contained in Sec. 1.05C, the majority of symptoms was reported by Dr. Tamea, and furthermore, Stacy's spinal fusion surgery interferes with the symptomatology. In addition, Stacy suffers from both of the stated examples and also from lumbar spondylosis. We conclude that the combination of these spinal disorders meets or equal the requirements of Sec. 1.05C.
 
 
 14
 For all the foregoing reasons, we conclude that the ALJ's opinion is not supported by substantial evidence and, therefore, reverse and remand for an award of benefits.
 
 
 15
 REVERSED AND REMANDED.
 
 
 
 [1]
 This case was referred by the district court to the magistrate for disposition upon consent of the parties pursuant to 28 U.S.C. Sec. 636(c)(1). We have jurisdiction under 28 U.S.C. Sec. 636(c)(3), which authorizes a direct appeal to this Court
 
 
 [2]
 Medical-vocational guidelines at 20 C.F.R. Sec. 404, Subpt.P.App. 2