866 F.2d 1415
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie B. HARRIS, Plaintiff-Appellant,
v.
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 88-3113.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 6, 1988.
Decided: Jan. 27, 1989.
 
 Charles H. Cuthbert, Jr. (Cuthbert Law Offices, on brief), for appellant.
 Lawrence John Harder, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Chief, Social Security Litigation Division, Department of Health and Human Services; Henry E. Hudson, United States Attorney, Robert W. Jaspen, Assistant United States Attorney, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS and MURNAGHAN, Circuit Judges, and MALCOLM J. HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The Appellant, Willie B. Harris, appeals from the District Court's affirmation of the Secretary's decision to deny Mr. Harris' application for Social Security disability benefits. Finding that the Secretary failed to make certain factual findings as required by law, we reverse and remand.
 
 
 2
 The Appellant, Willie B. Harris, filed his current claim for disability insurance benefits on February 12, 1986. An administrative hearing on Harris' current claim for disability insurance benefits was held on September 23, 1986. On January 7, 1987, the Administrative Law Judge issued a decision finding that Harris was able to perform his past relevant work as a security guard. On July 29, 1987, the Appeals Council of the Social Security Administration denied Harris' request for review of the ALJ's decision, therefore making that decision the final decision of the Secretary.
 
 
 3
 After the Secretary's order denying benefits became final, Harris initiated an action in the District Court pursuant to 42 U.S.C. Sec. 405(g) for review of that decision. The District Court referred this matter to a United States Magistrate, who recommended, on April 19, 1988, that the Secretary's decision be affirmed. This recommendation was adopted by the District Court over the objection of the claimant.
 
 
 4
 In reviewing the ALJ's decision, it is clear his decision was based on a finding that Harris' testimony lacked credibility and that Harris could perform his past relevant work as a security officer at Phillip-Morris. Specifically, the ALJ found:
 
 
 5
 Based on credibility and the evidence of record, the undersigned finds that the claimant's subjective symptoms, including pain, would not have interfered with his ability to perform his past relevant work in any time prior to September 30, 1988.
 
 
 6
 Harris contends that the Secretary erred in failing to lay a proper foundation for, or to explain, what credibility factors the ALJ considered.
 
 
 7
 In analyzing this contention, it is beyond argument that the ALJ must lay a foundation for credibility determinations. See Hammond v. Heckler, 765 F.2d 424 at 426, 10 S.S.R.S. Cases, 128 at 130 (4th Cir.1985). Here, the ALJ failed to lay a proper foundation for, or to explain, his credibility finding and as such this matter must be remanded to the Secretary for further findings on this issue.
 
 
 8
 Next, the Plaintiff argues that there is not substantial evidence to support the ALJ's finding seven that "the claimant's impairments did not prevent him from performing his past relevant work [as a security guard]." Pursuant to Social Security Ruling 82-62:
 
 
 9
 Determination of the claimant's ability to do PRW [past relevant work] requires a careful appraisal of (1) the individual's statement as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements ...
 
 
 10
 In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact: (1) a finding of fact as to the individual's RFC [residual functional capacity]; (2) a finding of fact as to the physical and mental demands of the past job/occupation; (3) a finding of fact that the individual's RFC would permit a return to his or her past job or occupation.
 
 
 11
 In reviewing disability claims, the Administrative Law Judge must determine precisely the activities involved in the claimant's former job or occupation and the activities that the claimant is capable of performing. Parker v. Harris, 626 F.2d 225 (2d Cir.1980).
 
 
 12
 In this case, Mr. Harris testified that he quit his job as a security guard at Phillip-Morris because he could not do the work. Specifically, Mr. Harris testified that he could not do the walking and climbing of stairs which were required as part of his job. The findings of the ALJ are totally devoid of any reference or discussion of Mr. Harris' contention that he was unable to continue his job as a security guard due to his inability to climb stairs. For this reason we find the ALJ's finding to be deficient under the mandate of SSR 82-62 and therefore remand this matter to the Secretary for a specific finding of fact as to the extent Mr. Harris' past relevant work required him to climb stairs and as to his ability to perform his past relevant work as a security guard as of September 30, 1983.[1]
 
 
 13
 The judgment of the District Court is therefore reversed and this matter is remanded to the Secretary for further findings as to the credibility of the claimant's testimony and as to the claimant's ability to perform his past relevant work as a security guard in light of his testimony that he had difficulty in walking and climbing stairs.
 
 
 14
 REVERSED AND REMANDED.
 
 
 
 [1]
 The claimant's insured status for Social Security disability benefits expired on September 30, 1983, therefore any determination of disability must be made based on the claimant's physical condition as of that date