974 F.2d 1330
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Elmer BOWMAN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-1087.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 13, 1992
Decided: August 31, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen M. Williams, Senior District Judge. (CA-91-39-B)
 Elmer Bowman, Appellant Pro Se.
 John Francis Corcoran, Office of the United States Attorney, Roanoke, Virginia; Victor Jerry Pane, Jr., United States Department of Health & Human Services, Philadelphia, Pennsylvania, for Appellee.
 W.D.Va.
 Affirmed.
 Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Elmer Bowman appeals the denial of social security disability insurance benefits and supplemental security income benefits. Because substantial evidence supports the decision by the Secretary of Health and Human Services (Secretary) to deny benefits, we affirm.
 
 
 2
 Bowman alleged disability as of January 15, 1988, due to breathing, leg, and stomach problems, and difficulties with his right arm and shoulder. The limited medical evidence of record revealed that in 1975 Bowman sought treatment from Dr. Amor Barongan for a peptic ulcer. Bowman did not return to Dr. Barongan until July 13, 1988, after he had filed for disability benefits. Dr. Barongan prescribed a medication for heartburn at that time. During a consultative evaluation by Dr. Kenneth Corse on July 25, 1988, Bowman stated that he had undergone surgery for ulcers in 1982 and had experienced no ulcer problems since then.
 
 
 3
 Bowman informed Dr. Corse that he experienced shortness of breath after walking one quarter of a mile on level ground and after walking a shorter distance uphill. The problem, which had gradually increased since the 1970's, was not accompanied by a cough or chest pain. Chest x-rays and a pulmonary function test ordered by Dr. Corse produced essentially normal results which were consistent with at most a mild obstructive pulmonary disease.
 
 
 4
 Dr. Corse stated that Bowman complained of weakness in his legs after walking for approximately five blocks, swelling feet, and tightness in his forearms. Dr. Corse's examination revealed no swelling, and also revealed normal motor strength except for a very slight weakness of the Bowman's right grip. Dr. Corse further found normal blood pressure, a regular heart rate and rhythm, and normal breath sounds.
 
 
 5
 Bowman did not allege that he had a psychological impairment and had never been seen by a mental health professional or been told that he needed such help. Nonetheless, following a hearing before an administrative law judge, Bowman's lawyer requested that a psychiatrist evaluate Bowman.
 
 
 6
 Bowman underwent two such evaluations. Dr. Robert Dane and Dr. Marshall Hogan both submitted narrative reports and completed a form entitled, "Medical Assessment of Ability to Do Work-Related Activities (Mental)." Although the descriptions of Bowman in the narrative reports were similar, the forms filled out by each psychiatrist contrasted significantly. Dr. Dane rated as "fair" or "poor" such factors as Bowman's ability to relate to co-workers, to deal with supervisors and the public, to maintain concentration, to behave in an emotionally stable manner, and to understand, remember, and carry out simple job instructions. Dr. Hogan, on the other hand, rated the same capabilities as either "unlimited" or"good." Dr. Dane concluded that Bowman suffered from a moderately severe dysthymic disorder, while Dr. Hogan found no reason to conclude that Bowman suffered any psychiatric impairment.
 
 
 7
 The ALJ found Dr. Hogan's report to be the more credible. The ALJ noted that Dr. Dane's narrative report was inconsistent with the form he submitted. Further, Dr. Hogan's findings were more consistent with the ALJ's own observations of Bowman at the hearing. Having found the submissions of Dr. Hogan to be more credible than those of Dr. Dane, the ALJ determined that Bowman did not suffer from a severe mental impairment. Because this credibility determination was properly supported by specific references to the evidence informing the ALJ's decision, we believe that substantial evidence supports the ALJ's resolution of this matter. See Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985); Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984).
 
 
 8
 The ALJ considered Bowman's allegations of pain and restricted abilities to be credible. The ALJ found that Bowman could no longer perform his past relevant work as a miner in the surface coal industry but retained the residual functional capacity to perform sedentary or a limited amount of light work.
 
 
 9
 At the hearing, a vocational expert testified. The expert stated that work existed for an individual such as Bowman, who was born on July 18, 1936; had a ninth grade education; had worked in the mining industry until he was laid off on the alleged onset date of disability; and retained the residual functional capacity to perform light or sedentary work that required no fine manual dexterity and did not involve exposure to dust, fumes, smoke, or noxious gases. Such positions included shoe packer, security guard, bottle sorter, and machine marker.
 
 
 10
 The profile posed to the vocational expert accurately described Bowman and his limitations. See O'Leary v. Schweiker, 710 F.2d 1334, 1343 (8th Cir. 1983) (hypotheticals must precisely set out all claimant's limitations).* The vocational expert testified that jobs which Bowman was capable of performing existed in the local, regional, and national economies, and there is no reason to question that statement. We accordingly hold that substantial evidence supports the Secretary's determination that Bowman was not disabled.
 
 
 11
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED
 
 
 *
 In view of the sparse evidence of significant medical impairment, the description of Bowman's physical limitations, if anything, was weighted in Bowman's favor