30 F.3d 129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Beth FOX, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-2153.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 24, 1994.
Decided: July 14, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-92-3102-K)
 Beth Fox, Appellant Pro Se.
 Margaret J. Krecke, United States Department of Health & Human Services, Philadelphia, Pennsylvania, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Beth Fox appeals the denial of social security disability insurance benefits. Because substantial evidence supports the decision by the Secretary of Health and Human Services (Secretary) to deny benefits, we affirm.
 
 
 2
 Fox alleged disability as of December 31, 1974, because of ulcerative colitis and chronic fatigue. Fox was born on July 8, 1944. A high school graduate, she stopped working as a clerk-typist and receptionist in 1971, when her first child was born. She has been a homemaker since then.
 
 
 3
 Fox's insured status expired on September 30, 1976. It is therefore her medical condition as of that date that is relevant to a determination of entitlement to disability benefits. See Kasey v. Sullivan, 3 F.3d 75, 77 n. 3 (4th Cir.1993). The medical evidence reveals that Fox had symptoms of spastic colon with her first three pregnancies, in 1971, 1973, and 1975. The symptoms disappeared spontaneously after each delivery. In 1974, Dr. Bronstein, a gastroenterologist, examined Fox, who complained of mild, intermittent diarrhea with mucous and occasional blood. Dr. Bronstein diagnosed irritable bowel syndrome and recommended that Fox, who was pregnant, begin using an over-thecounter, bulk-forming, therapeutic fiber.
 
 
 4
 In October 1975, Fox again visited Dr. Bronstein, reporting that she had been doing well, with one formed stool per day. Her appetite was excellent, and she had a good level of vigor. Dr. Bronstein prescribed suppositories and an antidiarrheal drug, to be used as symptoms presented themselves.
 
 
 5
 Fox continued to do well until August 1976. Fox, who was four months pregnant, began experiencing chills, fever, passage of blood, and increasing diarrhea. She was hospitalized between August 23 and September 11, 1976. Doctors diagnosed toxic megacolon, and she was treated with four units of blood and intravenous steroids. Fox responded very well to treatment. During her hospitalization, Fox exhibited anxiety and apprehension, which were treated with medication. The only other medical evidence that is relevant to Fox's condition prior to the expiration of insured status is that she experienced a miscarriage roughly three weeks after her discharge from the hospital.
 
 
 6
 Following a hearing, an administrative law judge concluded that Fox was not entitled to disability benefits. After carefully reviewing the record, we are convinced that substantial evidence supports this decision. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). The record reflects that, prior to the expiration of insured status, Fox experienced episodes of bowel disease which were treated with medication. On only one occasion did she develop a condition requiring hospitalization, and Fox responded well to the course of treatment. Her claims of chronic fatigue during this period are not substantiated by evidence of record and were properly discredited. See Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir.1985). A vocational expert testified that a person fitting Fox's profile was capable of performing a wide range of sedentary jobs which existed in the regional economy. See Walker v. Bowen, 889 F.2d 47, 49 (4th Cir.1989); Hammond v. Heckler, 765 F.2d 424 (4th Cir.1985). We conclude that Fox was not disabled under the social security laws prior to the expiration of insured status.
 
 
 7
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED