36 F.3d 1096
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willard J. WHITE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-2350.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided September 8, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Cynthia D. Kinser, Magistrate Judge. (CA-92-135-B)
 Willard J. White, appellant pro se.
 John Francis Corcoran, Office of the United States Attorney, Roanoke, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Willard J. White appeals the district court's order upholding the decision of the Secretary of Health and Human Services (Secretary) that White was not entitled to disability insurance benefits. Because substantial evidence supports the Secretary's decision, we affirm.
 
 
 2
 White was born on February 24, 1938, and has an eighth grade education. He worked as a pressman for the Ford Motor Company from 1956 through July 1979. White stopped working when his "nerves" grew so bad that he could no longer function. He claimed that he frequently lost his temper, took tranquilizers, and developed stomach problems and headaches. White was incarcerated for passing bad checks between 1981 and 1983, and he performed some work during his imprisonment. Other than that, White has not worked since he left Ford. White's insured status expired on December 31, 1982.
 
 
 3
 White alleged disability commencing June 27, 1979, due to nerves, depression, headaches, dizziness, and blackout spells. Following a hearing, an ALJ determined that White was not disabled. The Appeals Council remanded to the ALJ for reconsideration of White's residual functional capacity in light of his mental impairments. After a second hearing, an ALJ determined that White's impairments were not so severe as to render him disabled. The Appeals Council upheld this decision, which became the final decision of the Secretary. The district court found that the decision was supported by substantial evidence, and this appeal followed.
 
 
 4
 The psychiatric evidence in the case was conflicting. An October 1979 report stated that White had a mild anxiety neurosis but was an excellent prospect for vocational rehabilitation. In May 1980, doctors diagnosed anxiety neurosis with depression and recommended outpatient psychotherapy and medication. In June 1980, the same doctors diagnosed moderate and chronic anxiety neurosis and moderate and chronic depressive neurosis. In marked contrast to their previous opinions, the doctors found that it was doubtful that White was a good prospect for employment or vocational services, outpatient psychotherapy, or gainful employment.
 
 
 5
 In December 1979, White was hospitalized for nine days for dizzy spells and headaches associated with anxiety, tension, and mild depression. The treating physician ruled out organic causes for the symptoms, and concluded that White's problems resulted from tension. The dizzy spells, which probably were caused by postural hypotension, were described to be "of no great clinical significance."
 
 
 6
 Between August 1980 and January 1981, White was hospitalized three times for symptoms related to depression. During the third hospitalization, White acknowledged that he had been passing bad checks and was under indictment for this crime. His symptoms improved after White addressed this situation.
 
 
 7
 During his incarceration from April 1981 until February 1983, White was treated with two medications used to control and prevent seizure activity. No tests performed on White revealed the existence of epilepsy or other disorder that might cause seizures and dizziness. Evidently, White claimed that he experienced dizziness and blackouts when he failed to take therapeutic amounts of medication. White was reported to be evasive, manipulative, and uncooperative during a February 1982 psychological evaluation. The examiner concluded that White was trying to look bad or to exaggerate illness. White worked regularly while in prison.
 
 
 8
 At White's supplemental hearing, a psychiatrist testified that, in his opinion formed after reviewing the medical evidence, White did not have a severe psychological impairment prior to the expiration of insured status on December 31, 1982. Rather, the psychiatrist described White's condition as mild. A vocational expert (VE) also testified at the hearing. The VE stated that an individual fitting White's profile could perform a number of jobs involving light work, and that such jobs existed in the regional economy.
 
 
 9
 The Secretary determined that White's mental impairments were not as severe as claimed. Among the factors weighing against White in this determination were his lack of cooperation during various psychological tests, his criminal history involving dishonesty, and the absence of a history of significant treatment for the claimed disorder. On the record before us, and given the weight to be accorded the Secretary's properly supported credibility determinations, we will not disturb the Secretary's finding on this matter. See Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir.1985); Shively v. Heckler, 739 F.2d 987, 988-90 (4th Cir.1984).
 
 
 10
 The Secretary determined that, while White was disabled from his past work, he remained able to perform work of a lesser exertional level and so was not disabled. Given the medical evidence, the properly supported credibility determination that White's mental condition was not as severe as claimed, the testimony of the vocational expert, and the other relevant evidence of record, we find that the Secretary's decision was supported by substantial evidence. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).
 
 
 11
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The judgment of the district court is affirmed.
 
 AFFIRMED