36 F.3d 1092
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John M. COOK, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-2186.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 14, 1994.
Decided: Oct. 3, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Aiken. Matthew J. Perry, Jr., District Judge. (CA-91-1159-1-0AJ)
 Mary J. Wiesen-Kosinski, Aiken, SC, for appellant. Stuart M. Gerson, Asst. Atty. Gen., J. Preston Strom, Jr., U.S. Atty., Bruce R. Granger, Chief Counsel, Mack A. Davis, Deputy Chief Counsel, Social Security Litigation and Programs, Mary Ann Sloan, Social Security Disability Litigation, Haila Naomi Kleinman, Supervisory Asst. Regional Counsel, J. Patrick Powers, Dept. of Health and Human Services, Atlanta, GA, for appellee.
 D.S.C.
 AFFIRMED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 John M. Cook appeals the district court's order upholding the decision by the Secretary of Health and Human Services (Secretary) that Cook is not entitled to disability insurance benefits. Because we find that substantial evidence supports the Secretary's decision, we affirm.
 
 
 2
 Cook worked as an invoicer at a textile mill from 1969 until the mill closed in 1988. It is undisputed that Cook has suffered from a seizure disorder since at least 1978. The disorder prohibits him from working at heights or around dangerous machinery. Additionally, Cook has borderline intellectual functioning which renders him unable to follow complex instructions.
 
 
 3
 The primary issue before the Secretary was the frequency of Cook's seizures. Cook claimed at various times that he suffered seizures twice a month and once every two months. Medical records do not substantiate Cook's claims of at least two seizures each month; his own treating neurologist described Cook's seizures as "occasional" and did not relate that Cook ever reported seizures regularly occurring at the rate of twice per month. Records from Cook's employer do not reflect that Cook experienced seizures twice each month. The ALJ, as required, explained his reasons for concluding that the seizures did not occur with the frequency claimed by Cook. See Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir.1985).
 
 
 4
 We give great weight to properly supported credibility determinations, Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir.1984), and find no reason to overturn the determination that Cook's seizures did not occur as regularly as twice a month. Given the occasional nature of his seizures, the fact that Cook performed his job as an invoicer for at least ten years despite the limitations he now claims are disabling, and the fact that such work did not require him to follow complex instructions or to work at heights or around dangerous equipment, we find that substantial evidence supports the Secretary's conclusion that Cook is able to return to his past relevant work.
 
 
 5
 As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED