42 F.3d 1386
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mattie L. MURPHY, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-1420.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 3, 1994.
Decided Dec. 5, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CA-92-47-7-CIV-BR)
 Janet M. Lyles, Legal Services of the Lower Cape Fear, Wilmington, NC, for appellant.
 James D. Dedrick, U.S. Atty., Barbara D. Kocker, Sp. Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS,
 OPINION
 PER CURIAM:
 
 
 1
 Mattie L. Murphy appeals the district court's decision upholding the decision of the Secretary of Health and Human Services (Secretary) denying Murphy's application for social security disability benefits. Because we find that substantial evidence supports the Secretary's decision, we affirm.
 
 
 2
 Murphy was born in 1937 and has an eleventh grade education. She worked primarily as a sewing machine operator, although she also has experience as a home attendant, a cleaning woman at a motel, and a farmer. She claimed that she became unable to work in 1987 because of diabetes, high blood pressure, lung problems, and other ailments.
 
 
 3
 Murphy's application for benefits was denied initially and on reconsideration. Following a hearing, an administrative law judge (ALJ) issued a decision finding that Murphy suffered from a number of conditions, including diabetes and hypertension, which were controlled with medication. Murphy also suffered from irregular and heavy menses, which did not result from any significant abnormalities, and mild obstructive pulmonary disease. The ALJ concluded that Murphy's alleged chest, back, and neck pain was not as severe or debilitating as she claimed. Although the ALJ found that Murphy's diabetes, pulmonary disease, and hypertension prevented her from performing extremely strenuous work, he concluded that she retained the residual functional capacity to perform light work. As Murphy's past work as a sewing machine operator constituted light work, the ALJ determined that she was not disabled from her past relevant work and was therefore not disabled.
 
 
 4
 The Appeals Council upheld the decision of the ALJ, which became the final decision of the Secretary. The district court determined that substantial evidence supported the Secretary's decision and entered judgment in the Secretary's favor. This appeal followed.
 
 
 5
 Our review is limited to determining whether substantial evidence supports the Secretary's finding and whether the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990); 42 U.S.C. Sec. 405(g) (1988). It is the responsibility of the Secretary, not the courts, to weigh and resolve conflicts in the evidence. Courts will not substitute their judgment for that of the Secretary, provided that substantial evidence supports the Secretary's decision. Hays, 907 F.2d at 1456.
 
 
 6
 The medical evidence reveals that Dr. J. W. Richard Harding treated Murphy on numerous occasions for both hypertension and diabetes. With insulin, Murphy's blood sugar levels remained essentially normal. There was no evidence that she experienced any diabetes related complications. Similarly, medication effectively controlled Murphy's high blood pressure.
 
 
 7
 Dr. Harding also treated Murphy for bronchitis in the spring of 1990. With medication, Murphy's wheezing, coughing, and chest pain subsided. Murphy complained about irregular and heavy menstrual periods; however, repeated examinations and tests revealed no significant abnormalities. Dr. Harding did not mention any related functional limitations.
 
 
 8
 A pulmonary function study was conducted in July 1990. The test results were consistent with possible mild obstructive pulmonary disease. In 1991, Murphy complained of back pain and indigestion. Her abdomen was not tender, and there were no masses. The diagnosis was chronic back pain, and the record does not reveal that further tests or prescribed treatment were recommended.
 
 
 9
 At her administrative hearing, Murphy testified that she experienced chest pain two or three times each week. She stated that the pain occurred with overexertion and occasionally while at rest. Nitroglycerin and rest relieved the pain. She was able to relieve occasional neck pain with a heating pad, rest, and a topical cream. As required by case law, the ALJ explained why he found that Murphy's pain was not severe enough to affect her ability to perform basic work. He noted, for instance, that the claimed pain was relieved with medication, and that Murphy's daily activities strongly suggested that she was not significantly impaired by pain. On the record before us, there is no reason to overturn the ALJ's credibility finding on the issue of pain. See Hays v. Sullivan, 907 F.2d at 1456; Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir.1985).
 
 
 10
 We conclude that substantial evidence supports the Secretary's finding that Murphy retained the ability to perform light work and that she was still able to perform her past work as a sewing machine operator. Accordingly, we affirm the decision of the district court. As our review of the record and other materials before us reveals that argument would not significantly aid the decisional process, we dispense with oral argument.
 
 
 11
 AFFIRMED.