**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROY LEE DINGESS,
Plaintiff-Appellant,

v.

No. 95-1249

SHIRLEY S. CHATER,
COMMISSIONER OF SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Maurice G. Taylor, Jr., Magistrate Judge.
(CA-94-192-3)

Submitted: April 2, 1996

Decided: April 19, 1996

Before MURNAGHAN, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cathy L. Greiner, Huntington, West Virginia, for Appellant. Charlotte
Hardnett, Chief Counsel, William B. Reeser, Assistant Regional
Counsel, DEPARTMENT OF HEALTH & HUMAN SERVICES,
Philadelphia, Pennsylvania; Rebecca A. Betts, United States Attor-
ney, Stephen M. Horn, Assistant United States Attorney, Charleston,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Roy L. Dingess filed a claim with the Social Security Administration in September 1991 for supplemental security income and disability insurance benefits alleging disability commencing January 12, 1988, as result of back and breathing problems. After denial and reconsideration, Dingess requested a hearing before an Administrative Law Judge (ALJ). The ALJ decided that he was not disabled under the Social Security Act because, although he could not perform his past relevant work in underground coal mining, he had the ability to perform a limited range of sedentary and light work and could perform several jobs identified by a vocational expert. The Appeals Council denied his request for review. The ALJ's decision, then, became the Secretary's final decision.

Dingess filed a complaint in the district court challenging the final decision of the Secretary. The parties consented to a disposition by a magistrate judge pursuant to 28 U.S.C. § 636(c) (1988). The magistrate judge entered a final order granting summary judgment to the Secretary. This appeal followed.

We review the Secretary's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. 42 U.S.C.A. § 405(g) (West Supp. 1995); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Dingess claims that the jobs suggested by the vocational expert as suitable for a person with Dingess's limitations are not ones which the Dictionary of Occupational Titles identifies as capable of being performed by an individual with such limitations. Dingess, however, has waived appellate review of this claim. See Pleasant Valley Hosp., Inc. v. Shalala, 32 F.3d 67, 70 (4th Cir. 1994); Stewart v. Hall, 770 F.2d 1267, 1271 (4th Cir. 1985); Williams v. Shalala, 997 F.2d 1494, 1500 (D.C. Cir. 1993). Dingess next claims that the ALJ failed to insure that a proper hypothetical

2

question was posed to the vocational expert. We find that the ALJ's hypothetical question fairly set out all of Dingess's impairments. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Finally, Dingess claims that substantial evidence does not support the ALJ's finding that his credibility regarding his back pain was fair at best. However, the ALJ gave specific reasons for his credibility determination and we will not disturb it. Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985).

The ALJ made a thorough evaluation of the evidence, and we conclude that the Secretary's decision is supported by substantial evidence and was based on the correct legal standards. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. Accordingly, we affirm the district court's judgment.

AFFIRMED

3