**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FAY G. TOWNS,
Plaintiff-Appellant,

v.

No. 95-3145

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
David L. Core, Magistrate Judge.
(CA-94-11-1)

Submitted: July 25, 1996

Decided: August 14, 1996

Before LUTTIG and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mary V. Rehmann, Morgantown, West Virginia, for Appellant. Char-
lotte Hardnett, Chief Counsel, Region III, David M. Frazier, Assistant
Regional Counsel, Office of General Counsel, SOCIAL SECURITY
ADMINISTRATION, Philadelphia, Pennsylvania; William Wilmoth,
United States Attorney, Helen Campbell Altmeyer, Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Fay G. Towns filed a claim with the Social Security Administration in March 1992 for Supplemental Security Income, alleging disability commencing December 16, 1991, as a result of back pain. After denial and reconsideration, Towns requested a hearing before an Administrative Law Judge (ALJ). The ALJ decided that Towns was not disabled under the Social Security Act because Towns had no non-exertional limitations and although he had a musculoskeletal impairment and could not return to past relevant work, he also had the residual functional capacity to perform at least sedentary work. The Appeals Council denied Towns' request for review. The ALJ's decision then became the Secretary's final decision.

Towns filed a complaint in the district court challenging the final decision of the Secretary. The parties consented to a disposition by a magistrate judge pursuant to 28 U.S.C.A. § 636(c) (West 1993). The magistrate judge entered a final order affirming the decision of the Secretary. This appeal followed.

We review the Secretary's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. 42 U.S.C.A. § 405(g) (West Supp. 1996); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Towns claims that substantial evidence does not support the ALJ's finding of ability to perform sedentary work. However, the ALJ gave specific reasons for his determination and we will not disturb it. Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985). The ALJ made a thorough evaluation of the evidence, and we conclude that the Secretary's decision is supported by substantial evidence and was based on the correct legal standards.

Towns also alleged that the ALJ failed to develop a full and fair record and therefore the administrative proceedings were fundamen-

2

tally unfair. Towns waived his right to appear at the hearing before the ALJ, but only after the ALJ gave him several warnings and suggestions to obtain free legal advice. The ALJ obtained evidence from Towns' treating physicians and from the claims representative who observed Towns and noted his daily activities. In addition, there is no evidence in the record that Towns was prejudiced by a mental impairment.*

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____
*Towns' brief discusses and cites to a psychological evaluation attached to the complaint filed in the district court. This evaluation was not before the Secretary when she made her final decision. Towns' brief also refers to June 1994 back surgery occurring after the Secretary's denial of benefits. This court is restricted only to evidence presented in the administrative record. <u>See Wilkins v. Secretary, Dep't of Health & Human Servs.</u>, 953 F.2d 93, 96 (4th Cir. 1991).

3