**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CRICKET D. KNEECE,
Plaintiff-Appellant,

v.

No. 96-1977

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CA-94-2309)

Submitted: March 18, 1997

Decided: June 2, 1997

Before WILKINS and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mary J. Wiesen-Kosinski, Aiken, South Carolina, for Appellant.
Frank W. Hunger, Assistant Attorney General, J. Rene Josey, United
States Attorney, Mary Ann Sloan, Acting Chief Counsel, Region IV,
Mack A. Davis, Acting Deputy Chief Counsel, Ronald L. Paxton,
Assistant Regional Counsel, Renata Turner, Assistant Regional Coun-
sel, Office of General Counsel, SOCIAL SECURITY ADMINIS-
TRATION, Atlanta, Georgia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cricket D. Kneece filed an application for Supplemental Security Income in March 1992, alleging disability due to a mental condition commencing in 1971, the year she was born. After a hearing, the Administrative Law Judge (ALJ) decided that Kneece was not disabled under the Social Security Act because she is able to perform her past relevant work and has the functional capacity to perform at least some repetitive and routine work. The Appeals Council denied Kneece's request for review. The ALJ's decision then became the Secretary's final decision.

Kneece filed a complaint in the district court challenging the final decision of the Secretary. The magistrate judge recommended affirming the Secretary's determination and the district court adopted the magistrate's report and recommendation. Kneece appealed.

We review the Secretary's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. See 42 U.S.C.A. § 405(g) (West Supp. 1996); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Kneece claims that substantial evidence does not support the ALJ's finding that her psychological problems are not disabling. There was evidence in the record suggesting that Kneece suffers psychological problems which have made it difficult for her to hold a job. However, there was also evidence that Kneece functioned well in a group home for unwed mothers, that she had some work experience, and that she believed she could care for an infant child. The ALJ thoroughly evaluated the evidence and gave specific reasons for her determination. See Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985). Because we conclude that the Secretary's decision is supported by substantial evidence and was based on the correct legal standards, we will not disturb that decision. Hays, 907 F.2d at 1456.

2

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED