**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT BOYCE,
Plaintiff-Appellant,

v.

No. 96-1787

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
David L. Core, Magistrate Judge.
(CA-94-89-1)

Submitted: March 31, 1997

Decided: June 12, 1997

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Susan K. McLaughlin, MCLAUGHLIN & CURRY, Fairmont, West
Virginia, for Appellant. Charlotte Hardnett, Chief Counsel,
Region III, James A. Winn, Supervisory Assistant Regional Counsel,
Thomas S. Inman, Assistant Regional Counsel, Office of General
Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia,
Pennsylvania; William D. Wilmoth, United States Attorney, Helen
Campbell Altmyer, Assistant United States Attorney, Wheeling, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Boyce filed a claim with the Social Security Administration in June 1992 for Supplemental Security Income, alleging disability commencing December 29, 1991, as a result of a fracture of his left leg. After denial and reconsideration, Boyce requested a hearing before an Administrative Law Judge (ALJ). The ALJ decided that Boyce was not disabled under the Social Security Act because Boyce, while unable to perform any past relevant work, retained the functional capacity for "work involving simple routine tasks of light exertion." The Appeals Council denied Boyce's request for review. The ALJ's decision then became the Commissioner's final decision.

Boyce filed a complaint in the district court challenging the final decision of the Commissioner. The parties consented to a disposition by a magistrate judge pursuant to 28 U.S.C. § 636(c) (1994). The magistrate judge entered a final order affirming the decision of the Commissioner. This appeal followed.

We review the Commissioner's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. See 42 U.S.C.A. § 405(g) (West Supp. 1996); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Boyce claims that substantial evidence does not support the ALJ's finding of Boyce's educational level as "limited or less" but not"illiterate." However, the ALJ gave specific reasons for his determination and we will not disturb it. See Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985). The ALJ made a thorough evaluation of the evidence, and we conclude that the Commissioner's decision is supported by substantial evidence and was based on the correct legal standards. The ALJ properly placed Boyce's level of education and literacy in the limited or less but not illiterate category. See 20 C.F.R. § 416.964(b)(2)-(3) (1995).

2

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED