**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATSY T. DAVIS,
Plaintiff-Appellant,

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

No. 97-1719

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CA-95-587-2)

Submitted: July 31, 1998

Decided: September 2, 1998

Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Luicus M. Cheshire, Sr., CHESHIRE & PARKER, Hillsborough,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Gill P. Beck, Assistant United States Attorney, Arthur J.
Fried, General Counsel, Charlotte Hardnett, Principal Deputy General
Counsel, John M. Sacchetti, Acting Associate General Counsel, Mary
Ellen Russell, Office of the General Counsel, SOCIAL SECURITY
ADMINISTRATION, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Patsy T. Davis appeals from a district court order adopting the report and recommendation of the magistrate judge and upholding the determination of the Commissioner of Health and Human Services that Davis was not disabled at any time prior to June 30, 1973, when her insured status expired. Because we find that substantial evidence supported the Commissioner's decision, we affirm.

In 1988, Davis filed an application for disability insurance benefits alleging that she suffered from a multiple sclerosis-caused disability beginning on January 2, 1971. After a hearing, the Administrative Law Judge ("ALJ") determined that, although Davis's condition pre-cluded her from performing her past work, she was not disabled, because there were significant other jobs that she could perform. The Appeals Council denied Davis's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner. Davis then filed a civil action in the district court, and the court affirmed the Commissioner's decision. Davis now appeals.

Davis contends first that the ALJ erred in basing part of his deter-mination that Davis's complaints of pain were not credible on the fact that Davis did not seek medical attention from June 1971 until 1978. According to Davis, she did not seek treatment, because there was no cure for multiple sclerosis, and she was trying to convince herself that she was not disabled. However, at that point in time, Davis had not yet been definitively diagnosed. In addition, information regarding the types of medications, treatments, and other methods used to alleviate symptoms are "important indicator[s] of the intensity and persistence" of symptoms. 20 C.F.R. § 404.1529(c)(3) (1997); see also Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) (inconsistency between claimant's allegations of severity of condition and actual treatment sought is probative of credibility). Finally, the ALJ considered the failure to seek medical treatment as only one factor in his decision.

2

The ALJ is required to make credibility determinations about allegations of pain or other nonexertional disabilities. See Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985). Such decisions must refer specifically to the evidence informing the ALJ's conclusions. Id. In this case, the ALJ conducted the proper analysis in a comprehensive fashion and cited substantial evidence to support his finding.

The ALJ noted that Davis's daily activities, infrequent medical attention, and treatment for relief of pain did not support Davis's claims of disabling pain and fatigue. For instance, Davis testified to substantial daily activities during the relevant time period. In addition, Davis was able to walk without an assistive device, she did not rely on pain medication or other treatment, and she did not return to her doctor for medical attention until 1978. Because the ALJ listed a specific evidentiary basis for the determination that Davis was not credible, the ALJ was justified in discounting Davis's complaints of pain and fatigue.

Davis also argues that the ALJ contradicted himself and asked improper hypothetical questions of the vocational expert, when he presented one scenario that incorporated Davis's subjective complaints and one that did not. The ALJ's questions were entirely proper. By presenting a hypothetical, the ALJ was not making findings of fact. After the hearing, the ALJ determined that the scenario which did not contain Davis's testimony about disabling fatigue and pain before 1973 most closely fit the evidence of record.

Given the medical evidence, the properly supported credibility determination that Davis's condition was not as severe as claimed, the testimony of the vocational expert, and the other relevant evidence of record, we find that the Commissioner's decision was supported by substantial evidence. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (standard of review). We, therefore, affirm. We deny Appellant's motion to file an attachment to her brief, because the evidence offered was not submitted below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3