**David GORY, Appellant,**

v.

**Richard SCHWEIKER, Secretary of the Department of Health and Human Services, Appellee.**

No. 82–1218.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 8, 1982.

Decided July 21, 1983.

George L. Fitzgerald, Charlotte, N.C., for appellant.

Max O. Cogburn, Asst. U.S. Atty., Asheville, N.C. (Charles R. Brewer, U.S. Atty., Asheville, N.C., Richard S. Gordon, Asst. U.S. Atty., Charlotte, N.C., on brief), for appellee.

Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.

WIDENER, Circuit Judge:

David Gory appeals the denial of his claim for Social Security disability benefits. Gory, 41 years old at the time of the hearing, had eight years of formal education but is functionally illiterate. He was employed as a plasterer before the onset of his disability. That disability arises primarily from back and leg problems. The Administrative Law Judge (ALJ), whose decision was adopted by the Secretary, found that Gory was unable to return to his past job but that he was able to do sedentary work. Applying Rule 201.23 of Table 1, 20 CFR 404, Subpart P, Appendix 2[1], the ALJ (as did the district court) concluded that Gory was not disabled. We affirm.

Gory contends that the ALJ erred in applying Rule 201.23 of Table 1 to his disabilities because he claims to suffer from nonexertional limitations that make the tables inapplicable.

The regulations differentiate between exertional or strength limitations and nonexertional limitations. An exertional limitation is one which manifests itself by limitations in meeting the strength requirements of jobs. See 20 CFR 404, Subpart P, Appendix 2, § 200.00(e). A nonexertional limitation on the other hand is a limitation that is present whether the claimant is attempting to perform the physical requirements of the job or not, such as mental retardation, mental illness, blindness, deafness or alcoholism.[2] Such limitations are present at all times in a claimant's life, whether during exertion or rest.[3]

When a claimant suffers from exertional limitations and the facts of his vocational profile meet all the criteria of a particular rule in the tables of Appendix 2, that rule directs the conclusion to be drawn. 20 CFR 404, Subpart P, Appendix 2, § 200.00(a); *Campbell,* —— U.S. at ——, 103 S.Ct. at 1955. But the rules require that an ALJ not apply the age categories mechanically

---

1. Appendix 2 is comprised of tables or grids that indicate disability determination for various combinations of age, education, and work experience along with the claimant's residual functional capacity. The use of these tables has recently been upheld by the Supreme Court. *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

2. Our list is meant only to be illustrative. For more nonexertional limitations, see 20 CFR 404.1546(c) and (d).

3. The regulations speak of "mental, sensory, or skin impairments, impairments due solely to postural and manipulative limitations or environmental restrictions." 20 CFR 404, Subpart P, Appendix 2, § 200.00(e).

in a borderline situation. 20 CFR § 404.-1563(a); see *Campbell*, —— U.S. ——, n. 5, 103 S.Ct. at 1955, n. 5. When a claimant suffers from both exertional and nonexertional limitations, the tables are not conclusive but may only serve as guidelines. 20 CFR 404, Subpart P, Appendix 2, § 200.-00(e)(2). *Roberts v. Schweiker,* 667 F.2d 1143 (4th Cir.1981). If only nonexertional limitations are claimed, the tables do not direct a conclusion of either disability or non-disability. 20 CFR 404, Subpart P, Appendix 2, § 200.00(e)(1).

Gory claims that his pain and leg swellings are nonexertional in nature and therefore the tables are not conclusive as to him. The ALJ found these limitations to result from Gory's overactivity on his feet. The ALJ further found that the "leg swelling with accompanying pain would not be frequent or severe nor require elevation of the extremities so long as the claimant restricts himself to activities of sedentary nature." The evidence in the record supports the ALJ's conclusion that these were exertional limitations rather than nonexertional, and that they did not prevent Gory from doing sedentary work. Therefore, the ALJ and the district court correctly applied Rule 201.23 to find Gory was not disabled.

We have reviewed Gory's remaining claims of error and find them to be without merit.

The judgment of the district court is accordingly

AFFIRMED.