Mary J. BROWN
(SSN/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), Plaintiff,

v.

Otis R. BOWEN, Secretary of Health
and Human Services, Defendant.

Civ. A. No. 84-0464-A.

United States District Court,
W.D. Virginia,
Abingdon Division.

March 16, 1988.

Jo S. Widener, Bristol, Va., for plaintiff.

E. Montgomery Tucker, Asst. U.S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The plaintiff, Mary J. Brown, has filed this action challenging the final decision of the Secretary of Health and Human Services denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g), as amended. As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Secretary's final decision is supported by "substantial evidence," and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, "substantial evidence" has been defined as

such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. *Richardson v. Perales,* 402 U.S. 389, 400, 91 S.Ct. 1420, 1426, 28 L.Ed. 2d 842 (1971).

In an opinion which now stands as the final decision of the Secretary, the Social Security Administration's Appeals Council, by adopting a recommended decision of an Administrative Law Judge (ALJ), found that plaintiff was not under such a disability so as to establish entitlement to benefits under either of the Federal Programs. While the ALJ found that plaintiff suffers from several impairments, the ALJ concluded that the conditions are not so severe, either singly or in combination, so as to constitute or contribute to a disability within the meaning of the Act. *See* 42 U.S.C. § 423 (disability insurance) and 42 U.S.C. § 1382c(a)(3) (supplemental security income).

This 42 U.S.C. § 405(g) appeal is before the court for the second time. The court remanded the case to the Secretary for further consideration and development by memorandum opinion and order filed on October 28, 1985; thereafter, a remand ALJ conducted a remand hearing and rendered a recommended decision. The record discloses that Brown was born on December 18, 1926, and was 59 years old at the time of the remand ALJ's hearing on April 29, 1986, and at the time the Appeals Council adopted the recommended decision of the remand ALJ as the final decision of the Secretary on September 22, 1986. The court discussed the inadequacies of the first administrative action in its memoran-

dum opinion and remand order of October 28, 1985, and will not dwell further thereon except to observe that the court's principal concern was that the first ALJ had not given proper consideration to the *cumulative, combined or synergistic effect of plaintiff's multiple impairments on* her *ability to engage in her past relevant work* as required by the decision of the United States Court of Appeals for the Fourth Circuit in the case of *DeLoatche v. Heckler,* 715 F.2d 148 (4th Cir.1983).

▪ The remand ALJ also failed to properly consider the synergistic effect of Brown's multiple impairments by his manipulation of the expert evidence at the remand hearing. The remand ALJ misconstrued the directions in the Appeals Council's remand order[1] (*See* Tr. 381–382). The Appeals Council did not mandate the appearance of a Vocational Expert (V.E.) at the remand hearing, but merely permitted same if appropriate. The record reflects that *the remand ALJ, in accordance with a mandate and suggestion in the Appeals Council's order* (*See* Tr. 380–382), *asked both a medical advisor (M.A.) and a V.E. to appear as witnesses to assist him* in reaching his decision, but a fair reading of the remand transcript (*See* Tr. 383–439) discloses that the remand ALJ, by his questioning, manipulated both the V.E. and the M.A. to obtain answers, that he all but put in their mouths, rather than permitting them to give answers based on hypothetical questions to the V.E., and more appropriate questions to the M.A. which, in turn, should have been properly framed upon the basis of all the evidence.

1. The transcript of the remand ALJ's hearing reflects that the ALJ digressed into an unusual soliloquy as to his inability to understand why the Appeals Council, in its remand order, directed that the remand ALJ summon a V.E. to testify. *See* Tr. 433. The court is unable to explain the ALJ's discombobulating confabulation about the Appeals Council's remand order, which the court finds to be in accord with its remand order. The answer to the soliloquy, if any is deserved, is that it is not the proper function of the ALJ to question why, but rather it is to comply. He further engaged in colloquy with claimant's counsel and another soliloquy on the subject of pain as a non-exertional limita-

tion, wherein he proffered the opinion that pain is always caused by exertion and is not a non-exertional impairment. This soliloquy is so completely contrary to a long line of cases from the United States Court of Appeals for the Fourth Circuit commencing with *Gory v. Schweiker,* 712 F.2d 929 (4th Cir.1983), that it is axiomatic that pain can be a non-exertional impairment. Under the Secretary's regulations: "Certain mental, sensory or skin impairments are non-exertional in nature." *See* 20 C.F.R., Ch. III, Pt. 404, Subpt. P, App. 2, § 200.00(e). Pain is always sensory and can be non-exertional in nature.

The court finds that the Secretary's final decision is not supported by "substantial evidence" and must be reversed for alternate reasons set out herein.

The court finds first: that the ALJ's decision to exercise his discretion in summoning a V.E. to testify at the remand hearing and his reliance on the V.E.'s testimony in finding that Brown could engage in her past relevant work, was tantamount to a determination that *Brown was unable to perform her past relevant work.* The court in its remand opinion and order expressly avoided the issue of whether Brown could engage in her past relevant sedentary work; the court felt that this was an issue that should first be properly addressed by the Secretary. The ALJ expressed his confusion and discombobulation at the Appeals Council's ordering him to summon a V.E. to testify at the remand hearing to assist him.[2] He recognized that the Appeals Council should have awarded Brown her benefits, when, under his misconstruction of the remand order, it implicitly found that a V.E. was necessary to determine whether Brown could engage in her past relevant work, because at Brown's attained age of 59 if she was found unable to perform her past relevant unskilled, sedentary work, she was per se disabled under the Secretary's regulations. *See* 20 C.F.R., Ch. III, Pt. 404, Subpt. P, Appendix 2, Table No. 1: Rules 201.02, 201.04 and 201.-06. It is axiomatic that the Secretary cannot use a V.E. to override either his own regulations or rulings interpreting same. *See Social Security Ruling (SSR) 83–12* (which defines sedentary work with more specificity than does §§ 404.1567(a) and 416.967(a)).

The remand ALJ did not carefully read the Appeals Council's remand order, wherein the Council did not specifically direct the ALJ to summon a V.E., but merely gave the ALJ the discretion to:

> *If appropriate, after the additional development, the Administrative Law Judge shall obtain vocational expert testimony concerning the skill level and requirements of claimant's past*

*relevant work* and also as to whether she acquired skills in her past relevant work which are readily transferable to other skilled or semi-skilled jobs which exist in significant numbers in the national economy.

(Tr. 381; emphasis added). It was the remand ALJ who made the flawed decision to summon a V.E. to appear at the remand hearing in accordance with the suggestion, not mandate, of the Appeals Council's remand order. The ALJ, by implication, found that it was necessary to summon a V.E., and in so doing he reached a conclusion with which the court agrees, and from which the court will not permit the Secretary to retreat. The record reflects that the *ALJ* not only *exercised his discretion* to summon a V.E., but he also relied upon the V.E.'s testimony in reaching his decision that Brown was not disabled, because she had the residual functional capacity to engage in her past relevant unskilled, sedentary work, when he found:

> *Upon consideration of the totality of the record including testimony* and assertions of the claimant plus testimony *of a vocational expert designated by the Secretary the undersigned finds....*

(Tr. 359: emphasis added).

Under the sequential evaluation process provided in the Secretary's regulations, "a vocational expert enters the sequential analysis for determining disability *after* a claimant is found unable to do her past relevant work." *See* 20 C.F.R. § 404.1566(e) (sic) (emphasis added); *Smith v. Bowen,* 837 F.2d 635, 637 (4th Cir.1987). *See* §§ 404.1520(e), (f) and 416.920(e), (f) and 416.966(e); *see also Hall v. Harris,* 658 F.2d 260 (4th Cir.1981) (wherein the sequential evaluation process is construed and explained).

In summary as to the first reversible error, the court finds that Brown is disabled due to the remand ALJ's summoning and relying on the testimony of a V.E., because of her inability to engage in her past relevant work at her attained age of 59.

**2.** *See* fn. 1, *supra* at page 3 and accompanying text.

Secondly, the court finds that, among other things, the remand transcript evidence reflects that in September of 1985, Brown was seen in consultation by J. Steve Strosnider, a licensed clinical psychologist. In a letter bearing date of September 30, 1985, Psychologist Strosnider gave his clinical impression and interpretation of his Minnesota Multiphasic Personality Inventory (MMPI) testing of Brown wherein he opined, *inter alia*, that:

This is in response to your letter of September 27, 1985 regarding the above named individual. *I consulted with Mrs. Brown on two occasions with her being referred to me by Dr. Joseph Lemmer* here at the Lewis–Gale Clinic. When interviewed, Mrs. Brown appeared to be clinically depressed and showed significant clinical signs of depression such as insomnia, anhedonia, lethargy, fatigue, poor appetite, and subjective feelings of dejection, hopelessness and depression. She did not follow through with treatment having been pessimistic about the possibility of anything being able to help her.

(Tr. 476; emphasis added). It is patently obvious that Psychologist Strosnider saw Brown in consultation at the request of her treating physician, Dr. Lemmer, for consultative evaluation for treatment purposes and not for disability evaluation. The Psychologist opined the following diagnostic impressions:

The findings of the MMPI were generally consistent with the diagnostic impressions of this examiner when she was interviewed. A diagnostic impression of dysthymic disorder with possible characterological deficits was noted.

(Tr. 476). In the MMPI interpretation Psychologist Strosnider opined, *inter alia*, that:

The MMPI Profile appears to be a valid one taken with reasonable cooperation and appropriate defensiveness. The profile is replete with depression, tension, weakness, and apathy. There is a prevasive (sic) feeling of inadequacy, self-doubt, and anhedonia. Evidence of bottled-up emotions and generalized over-

control of her anger and aggression appears to be quite evident.

(Tr. 477). Psychologist Strosnider observed further that:

Individuals with this type of profile usually tolerate unhappiness and they have generally accepted the low-level of efficiency. There is a passive resignation to difficulties in their life and an unwillingness to exert the energy to bring about change. The propensity to somatize emotions appears to be a definite possibility.

(Tr. 477). Based on this evidence, the remand ALJ made the following observations:

*It is pertinent to note, with regard to the question of psychiatric impairment, that even the physician who most strongly indicates that the claimant is disabled, podiatrist Dr. Edwin J. Kay, stated she could carry out instructions and make complete judgments.* (Exhibit 40). Dr. Lemmer felt that any question of mental residual capacity was not relevant (Exhibit 39). Dr. Williams indicated the claimant had no functional impairment except arthritis (Exhibit 34). *The record does not demonstrate the claimant even complained of psychiatric related difficulties prior to 1985. Hence, the undersigned finds she has no medically determinable psychiatric impairment.* She does appear to have some situational difficulty with regard to the home and to her husbands (sic) impairment but this is not objectively demonstrated to be a psychiatric impairment.

(Tr. 364; emphasis added). While the Secretary's regulations permit him to obtain new or additional evidence when he is dissatisfied with the evidence of record (*See* § 404.944 for ALJ's level and §§ 404.976 and 404.977 for Appeals Council's level), he is never at liberty to ignore the plain and clear purport of the undisputed expert evidence of record.

The court finds it almost mind-boggling that an ALJ would discredit the evidence of a clinical psychologist who administered MMPI testing on the basis of the gratuitous observations of a podiatrist,

treating physicians Lemmer and Williams, and an M.A., orthopedic surgeon, Dr. Joseph K. Maloy, none of whom the record reflects has any training in the discipline of mental impairment. Treating physician Lemmer expressed the opinion that any question of mental residual functional capacity was not relevant in a report bearing date of April 26, 1984 (*See* Tr. 343). This was more than a year prior to Dr. Lemmer's referral of Brown to Psychologist Strosnider for consultative psychological evaluation. Psychologist Strosnider's evidence reflects that treating physician, Dr. Joseph Lemmer, referred Brown to him for consultative examination. As set out hereinabove, Psychologist Strosnider conducted a clinical examination and administered MMPI testing. The approach taken by the remand ALJ to discredit Psychologist Strosnider's undisputed and properly documented findings of mental impairment falls in the area of a credibility finding made under extraordinary circumstances, and the court is not bound by same. Such adjudication is so far out in left field that it is not even in the ball park of impartial analysis of the evidence in a social security disability insurance benefits or supplemental security income claim. The ALJ, in accordance with his fatally flawed analysis, found that Brown had no medically determinable mental impairment. This finding simply is not true and is an affront to fairness, and the court rejects same as being conclusory and result-oriented. The undisputed expert mental impairment evidence of Psychologist Strosnider is the best and only evidence in the record coming from an expert in the mental impairment discipline.[3]

The court, having given this case all of the consideration that it deserves in view of the first inadequate adjudication and the remand ALJ's failure to comply with the remand order of this court and his misreading of the Appeals Council's order, finds there is not "substantial evidence" to uphold the final decision of the Secretary, and, even though this case could possibly be remanded again, this court finds that so to do would defeat the benevolent purpose of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, (enacted October 9, 1984), which is to pay benefits to qualifying disabled persons and not just to enable them to file claims, appeal adverse decisions and litigate perpetually in court. And this court cannot be swayed by any argument that the Secretary should be given three attempts to resolve the issue of Brown's ability or inability to engage in her past relevant work.

■ In conclusion, the court finds that Brown is disabled for any gainful employment on account of the synergistic effect of her combination of multiple impairments consisting of severe musculoskeletal impairment; mild episodic vertigo; multinodular goiter; hernia; small bowel abnormality; chronic recurrent foot strain; recurring lumbosacral strain; ganglion cyst, left wrist, with failed attempt to surgically treat; history of recurrent painful swelling of right knee; exogenous obesity; her undisputed, but ignored mental impairment of a psychiatric/psychological nature; and the pain[4] attendant to her multiple musculo-

---

3. It appears in the record that M.A., orthopedic surgeon, Dr. Joseph K. Maloy, did testify that there was no objective evidence of any emotional impairment in answer to a colloquy of questions and answers concerning the report of Psychologist Strosnider as follows:
Q. Well does his report submit—does this report contain objective evidence of any emotional impairment?
A. The MMPI shows some—
Q. As I understand the MMPI that really is a test that refers to what the general population is, it doesn't relate to a given individual.
A. Yes, that is correct. (*See* Tr. 422).

4. The statutory standard set out in Section 3, Pub.L. No. 98–460 is as follows: An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section: there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and

skeletal impairments which the court finds meets the standard for pain adjudication in the disability context.

In determining that Brown is disabled, the court places principal reliance upon the physical residual functional capacity evaluations of treating physicians Dr. Lemmer (*See* Tr. 337), who opined that during an eight-hour workday Brown would have to have two one-hour break periods; and/or Dr. Williams (*See* Tr. 329–330), who opined that Brown would have to have work breaks during the workday (he did not state any time limits), and that Brown could walk for less than one hour; stand for less than one hour; and sit for two to four hours in an eight-hour workday. By any reasonable definition, using the findings set out in the residual functional capacity evaluations of either treating physician, Brown is disabled, whether you accept the residual functional capacity evaluation of Dr. Lemmer or Dr. Williams, and there is not "substantial evidence" in the record to the contrary; and most certainly the evidence of non-examining M.A. Orthopedist Maloy is not such substantial evidence as to outweigh the assessments of Brown's treating physicians.[5]

The court is constrained to conclude that the Secretary's final decision is not supported by "substantial evidence." Defendant's motion for summary judgment must be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act, judgment will be entered for plaintiff. The final decision of the Secretary will be reversed and the case remanded for the establishment of proper benefits. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Opinion to all counsel of record.

## FINAL JUDGMENT AND ORDER

For reasons stated in a Memorandum Opinion filed this day it is

## ADJUDGED AND ORDERED

as follows:

1. Defendant's motion for summary judgment is denied;

2. The final decision of the Secretary is reversed with judgment entered in favor of plaintiff;

3. The case is remanded to the Secretary for the determination and award of appropriate past due disability insurance benefits; and

4. Plaintiff's claim for supplemental security income benefits shall be and hereby is remanded for determination of plaintiff's eligibility under the remaining statutory criteria and the payment of past due benefits, if any.

The Clerk is directed to send certified copies of this Judgment and Order to all counsel of record.

findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability. *Id.*

**5.** The only conflicting evidence in the record is a report of a consultative who examined Brown at the behest of the Secretary. *See* Tr. 448–458 for report of consultative internist, Dr. Claude Garfield, which the court finds unsubstantial in the light of all of the other evidence of record, especially that of Drs. Lemmer and Williams and Psychologist Strosnider. Neither the remand ALJ nor the M.A. placed more than passing reliance on the evidence of Dr. Garfield, and the court finds the opinion of this one-shot examiner to be unpersuasive and notes that his opinion as to Brown's residual functional capacity is based on Diagnoses very similar to those of both treating physicians, Lemmer and Williams.