**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ERNEST L. HOKE, JR.,
Plaintiff-Appellant,

v.

No. 95-1340

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CA-93-616-2)

Submitted: October 17, 1995

Decided: January 16, 1996

Before ERVIN, Chief Judge, and HALL and WILKINSON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Tomi W. Bryan, TOMI BRYAN & ASSOCIATES, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Benjamin H. White, Jr., Assistant United States Attorney,
Arthur J. Fried, General Counsel, Randolph W. Gaines, Acting Princi-
pal Deputy General Counsel, A. George Lowe, Acting Associate Gen-
eral Counsel, T. David Hu, Office of the General Counsel, SOCIAL

SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Ernest L. Hoke appeals from a district court order, adopting the report and recommendation of a magistrate judge and upholding the determination of the Secretary of Health and Human Services* that he was no longer entitled to disability benefits. Because we find that substantial evidence supported the Secretary's decision, we affirm.

In 1983, Hoke was found to be disabled due to injuries sustained to his back and to his right hip, knee and ankle in a motorcycle accident. On June 1, 1990, Hoke received a Notice of Disability Cessation, stating that he was no longer disabled. The cessation of benefits was found appropriate upon reconsideration, and Hoke requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ determined that, although Hoke's condition precluded him from performing his past work, he was not disabled because he could still perform sedentary work. The Appeals Council denied Hoke's request for review, and the ALJ's decision therefore became the final decision of the Secretary. Hoke then filed a civil action in the district court, and the court affirmed the Secretary's decision, which Hoke appealed to this court.

Hoke contends that the ALJ erred by affording too little weight to the opinion of one of his treating physicians. He also asserts that the

_____

*By order dated April 18, 1995, the Court substituted Shirley S. Chater, Commissioner of Social Security as party appellee for Donna E. Shalala, Secretary of Health and Human Services.

2

ALJ erred in determining that his impairments did not equal 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.03 (1995). Finally, Hoke claims that the ALJ incorrectly found that he could perform sedentary work.

Hoke asserts that the ALJ erred in rejecting the opinion of Dr. James P. Aplington that Hoke was disabled. Dr. Aplington briefly opined that Hoke was disabled on a Housing Authority form. The form involved no more than circling a paragraph that stated Hoke was disabled. However, Dr. Aplington's treatment notes indicate that Hoke's right knee exhibited a good range of motion and that he demonstrated unrestricted hip motion without any pain. Neither Dr. Aplington's notes nor the Housing Authority form show how or to what extent Hoke's abilities and activities are curtailed. In addition, no other treating physician opined that Hoke was disabled, and in fact, another doctor released Hoke to work without any limitation.

Although a treating physician's diagnosis is normally entitled to deference, Dr. Aplington's conclusory, and contradictory, opinion is not significant enough to be reasonably expected to carry substantial weight. See Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985) (less weight may be given to opinion of treating physician when the disability diagnosis is brief and conclusory); Houston v. Secretary of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (determination of disability is the prerogative of the Secretary, not the treating physician, and a brief, conclusory letter by a treating physician is not dispositive). Stating that Hoke is "disabled" does not assist a finder of fact in developing an informed opinion or a full understanding of Hoke's limitations. Therefore, the ALJ properly discounted the conclusion of disability submitted by Dr. Aplington.

Hoke contends that the ALJ's determination that he no longer had a listed impairment under 20 C.F.R. § 404.1594(f)(2) (1995) was not supported by substantial evidence. Specifically, Hoke alleges that his impairment met Listing 1.03.

Substantial evidence is defined as "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence

3

but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is `substantial evidence.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

As the presiding officer at the administrative hearing, the ALJ makes factual determinations and resolves evidentiary conflicts, including inconsistencies in the medical evidence. Reviewing courts do not weigh evidence anew or substitute their judgment for that of the Secretary, provided substantial evidence supports the Secretary's decision. Hays, 907 F.2d at 1456.

Listing 1.03 directs a finding of disability when there is:

> [a]rthritis of a major weight-bearing joint (due to any cause):
>
> With history of persistent joint pain and stiffness with signs of marked limitation of motion or abnormal motion of the affected joint on current physical examination. With:
>
> A. Gross anatomical deformity of hip or knee (e.g. subluxation, contracture, bony or fibrous ankylosis, instability) supported by X-ray evidence of either significant joint space narrowing or significant bony destruction and markedly limiting ability to walk and stand; or
>
> B. Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint and return to full weight-bearing status did not occur, or is not expected to occur, within 12 months of onset.

The only evidence of arthritis is a medical report from Dr. James M. Marlowe, M.D., an orthopedic surgeon, which stated that Hoke had mild to moderate arthritis in his right knee. However, Dr. Marlowe did not report marked limitation of motion in the right knee and noted no instability. Although another doctor did note limitation in

4

the motion of the right knee, this does not change the conclusion that the ALJ's decision is supported by substantial evidence.

In order to accept Hoke's contentions, the diagnoses and reports of the doctors involved would have to be accepted in only a piecemeal fashion--one statement of one doctor and one statement of another, while rejecting the unfavorable statements of the doctors contained in the same reports. In short, no doctor reported arthritis and marked limitation in movement as required by Listing 1.03. Because the medical evidence supported a finding that Hoke showed few signs of arthritis, suffered no extreme limitations of movement, and was able to ambulate without any assistance, the ALJ's decision that Listing 1.03 is inapplicable must be upheld.

Finally, Hoke asserts that the ALJ's reliance on the Medical-Vocational Guidelines (the "Grids") to direct a conclusion that he retains the residual functional capacity to perform a full range of sedentary work was in error. See 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200 (1995). Specifically, Hoke argues that the medical evidence supports the conclusion that he cannot sit for any amount of time without pain. In addition, Hoke contends that the ALJ improperly found him to not be credible.

Use of the Grids is proper if the ALJ finds a petitioner's residual functional capacity is not limited by nonexertional factors, such as pain. See Gory v. Schweiker, 712 F.2d 929 (4th Cir. 1983). Hoke's own subjective allegation that he is unable to work is insufficient, by itself, to establish disability. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). However, if a physical condition that could "reasonably be expected to cause pain" is revealed by objective medical evidence, the ALJ must evaluate the disabling effects of the claimant's pain, as demonstrated through subjective evidence. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990).

The ALJ is required to make credibility determinations about allegations of pain or other nonexertional disabilities. Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985). However, such decisions must refer specifically to the evidence informing the ALJ's conclusion. Id. In this case, the ALJ conducted the proper analysis in a com-

5

prehensive fashion and cited substantial evidence to support his finding.

The ALJ noted that Hoke's daily activities, infrequent and conservative treatment methods, and prescribed treatment for relief of pain did not support Hoke's claims of disabling pain. For instance, Hoke sought medical treatment very infrequently until just prior to his initial hearing for cessation of benefits. In addition, Hoke received only conservative treatment with mild pain medication. He did not require hospitalization, physical therapy, surgery, or other treatment.

Furthermore, Hoke himself rated the intensity of pain in his right knee and hip at a "1" on a scale of 1 to 5, with 5 being the most intense pain. Additionally, Hoke's complaints were inconsistent. At the hearing, he testified that he was unable to work due solely to back pain, but no medical evidence supported a finding of a back impairment. Finally, Hoke testified that Escogesic and Flexeril completely alleviated his pain. Because the ALJ listed a specific evidentiary basis for the determination that Hoke was not credible, the ALJ was justified in discounting Hoke's complaints of nonexertional limitations.

The ALJ further made specific findings regarding Hoke's residual functional capacity. Evidence before the ALJ demonstrated that while there are limitations on Hoke's ability to engage in employment, no treating physician placed any specific restrictions upon Hoke's daily activities which would prevent him from working. Further, no physician found limitations in Hoke's upper extremities or noted any significant sitting impairment. Simply stated, there was no testimony or evidence that Hoke's condition would significantly hinder his employment in a sedentary job. In fact, Dr. Marlowe released Hoke to return to all activities and work.

While there is differing and contradictory testimony, substantial evidence supported the ALJ's finding that Hoke was not credible and suffered from no nonexertional disabilities. Therefore, the ALJ properly resorted to the Grids. Considering Hoke's age, education, past relevant work experience, and residual functional capacity for sedentary work, the Grids direct a conclusion that Hoke is not "disabled" within the meaning of the Social Security Act.

6

Because we find that substantial evidence supports the Secretary's decision that Hoke is no longer disabled, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED