**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATRICIA CAMPBELL,
Plaintiff-Appellant,

v.

No. 97-2128

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Salisbury.
Paul Trevor Sharp, Magistrate Judge.
(CA-96-351-4)

Submitted: November 17, 1998

Decided: December 31, 1998

Before MURNAGHAN, ERVIN, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

H. Russell Vick, Greensboro, North Carolina, for Appellant. Frank
W. Hunger, Assistant Attorney General, Walter C. Holton, Jr., United
States Attorney, Mary Ann Sloan, Chief Counsel, Region IV, Haila
Naomi Kleinman, Acting Branch Chief, Cheryl Nikonovich-Kahn,
Assistant Regional Counsel, Office of the General Counsel, SOCIAL
SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Patricia Campbell appeals the magistrate judge's judgment order affirming the Commissioner's final decision denying her claim for a period of disability and disability insurance benefits. On appeal, Campbell alleges that the magistrate judge erred in failing to properly evaluate the Commissioner's finding that Campbell is not disabled at step five of the sequential evaluation process under the applicable regulations and social security rulings. Finding no error, we affirm.

Patricia Campbell has a tenth grade education and vocational experience as a machine operator, inspector of paper products, and sewing machine operator. She applied for a period of disability and disability insurance benefits in January 1993, claiming disability beginning mid-August 1991. She alleged that she became unable to work in 1991 due to pain in her hands. After conducting a hearing on September 8, 1994, the ALJ issued a decision denying benefits based on a finding that there was work in the national economy that Campbell could perform. Campbell was twenty-seven years old at the time of the hearing. Campbell requested review of the ALJ's decision by the Appeals Council. The Appeals Council denied Campbell's request for review. The ALJ's decision then became the Commissioner's final decision.

Campbell filed a complaint in the district court challenging the final decision of the Commissioner. Both parties filed cross motions for summary judgment. By order entered on June 20, 1997, a magistrate judge granted the Commissioner summary judgment and affirmed the decision of the Commissioner. This appeal followed.

We review the Commissioner's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. See 42 U.S.C.A. § 405(g) (West Supp. 1998); Hays v.

2

Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We do not re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Commissioner. See Hays, 907 F.2d at 1456. It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. See id.

The record discloses that Campbell was physically able to work until 1991, at which time her hand pain became disabling. Her doctors diagnosed her as suffering from arthritis and an"unstable" thumb joint of the right hand. She underwent three surgeries on her right hand, but has experienced no post-operative complications. She has reported similar problems with the left hand. She wears flexible braces on both hands for approximately two hours a day. Although she experiences pain early in the morning and has difficulty writing, she is able to lift objects weighing up to five pounds if she uses both hands. She is able to perform light household tasks for brief periods of time. She is also able to go horseback riding once a month, engages in "normal" social activities, and drives a car.

Because Campbell established non-exertional limitations which significantly interfere with her ability to perform her past relevant work or work encompassed within the Medical-Vocational Guidelines (the "Grids"), the ALJ found the use of a vocational specialist necessary to satisfy the Commissioner's burden of going forward with the evidence. James Burge, the vocational expert, testified that Campbell's past work was "unskilled" and was performed at a "light" exertional level. Burge was asked whether a significant number of jobs existed for a person who has a residual functional capacity for "sedentary" work, with additional non-exertional limitations which preclude jobs requiring lifting objects with one hand. Burge testified that a significant number of jobs existed in the specified area for a person with such a profile.

In reaching his decision, the ALJ applied the sequential five step analysis found at 20 C.F.R. § 404.1520 (1998). Under this process, the ALJ considers sequentially whether Campbell: (1) is currently

3

engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether that impairment meets or equals medical criteria warranting a finding of disability without considering vocational factors; (4) if not, whether the impairment prevents her from performing her past relevant work; and (5) if so, the burden shifts to the Commissioner to determine whether she can perform other work. See Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). If an individual is found not disabled at any step, the inquiry ends.

At step one, the ALJ first found that Campbell has not engaged in substantial gainful activity since 1989. The ALJ further found, at step two, that medical evidence shows that Campbell is severely impaired by arthritic hand pain. The ALJ, however, concluded at step three that the evidence did not demonstrate that Campbell suffered from any impairment, or combination of impairments, which meets or equals the level of severity specified in any of the Listed Impairments set forth in 20 C.F.R. § 404.1525. At the fourth step, the ALJ, finding that Campbell's testimony was not fully credible, concluded that Campbell has the residual functional capacity to perform sedentary level work which does not require her to lift objects with one hand, but that she cannot perform her past relevant work. At the fifth step, the ALJ concluded that given Campbell's age, education, work experience, and residual functional capacity for "sedentary" work in conjunction with Rule 201.24 of the Grids and the vocational expert testimony, Campbell is not disabled within the meaning of the Social Security Act. It is the ALJ's resolution of this fifth step that is the crux of this appeal.

The Grids categorize a claimant's exertional limitations, age, education, and past work experience to determine disability. See 20 C.F.R. pt. 404, subpt. P, app. 2. (1995). The ALJ applied Grid § 201.24, which categorizes Campbell as a young individual, having a limited or less education but at least literate and able to communicate in English, and with previous unskilled or no work experience. Application of this Grid directs a finding of no disability in Campbell's case. If a claimant's impairments fall within the exertional categories of the Grids, and there are no further restrictions on those exertional categories by non-exertional factors, the Commissioner's burden is met under the Grids. See Gory v. Schweiker, 712 F.2d 929, 930 (4th Cir. 1983). Because Campbell suffered from both exertional

4

and non-exertional limitations, however, the ALJ used the Grids as merely a guideline and also considered the testimony of a vocational expert. See Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989). After due consideration of all of the factors, the ALJ concluded that Campbell was not disabled.

Campbell argues that the ALJ misapplied the Grids in determining that she is not disabled, by ignoring 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.00(h), which she claims requires a finding that she is disabled. Specifically, she posits that her situation is so analogous to the example set forth in Section 201.00(h), the Grids direct a finding of disability.

The rule against application of the Grids to individuals who suffer from non-exertional limitations significantly restricting the range of available work is reflected in the Commissioner's regulations explaining proper application of the Grids. This is the case with regard to Grid rule 201.24. The rule is qualified by footnote 4, which references 20 C.F.R. pt. 404, subpt. P, app. 2 § 201.00(h).

Section 201.00(h) explains the term "younger individual" as used in the Grids, and gives examples as to how the Commissioner might or might not accord weight to a claimant's age in determining whether work exists that the claimant could perform. We do not agree with Campbell that § 201.00(h) requires a finding of disabled for an individual, like Campbell, who has demonstrated the inability to perform the full range of sedentary work. Section 201.00(h), on which Campbell relies, reads in relevant part:

> [A] finding of disabled is not precluded for those individuals under age 45 who do not meet all of the criteria of a specific rule and who do not have the ability to perform a full range of sedentary work. The following examples are illustrative: Example 1: An individual under age 45 with a high school education can no longer do past work and is restricted to unskilled sedentary jobs because of a severe medically determinable cardiovascular impairment (which does not meet or equal the listings in appendix 1). A permanent injury of the right hand limits the individual to sedentary jobs which do not require bilateral manual dexterity. None

5

of the rules in appendix 2 are applicable to this particular set of facts, because this individual cannot perform the full range of work defined as sedentary. Since the inability to perform jobs requiring bilateral manual dexterity significantly compromises the only range of work for which the individual is otherwise qualified (i.e., sedentary), a finding of disabled would be appropriate.

Section 20l.00(h) essentially states that the Grids may not be used to preclude a finding of disabled when a significant non-exertional impairment exists. Campbell asserts that the example directs a finding of disabled whenever a claimant's case presents analogous facts. She argues that the ALJ's factual findings in this case are so similar to those contained in the example as to require a finding of disability. We disagree.

First, we note that Campbell does not have all of the impairments described in the example. Second, the example is intended merely to illustrate the limited applicability of the Grids and to remove the mandatory directive of the Grid rule wherever it is not appropriate. The plain meaning of the text is simply that an ALJ is "not precluded" from finding disabled those individuals who would fit within rule 201.24 but for their inability to perform the full range of sedentary work. The example is just an illustration of a situation in which an ALJ's decision to award benefits would be appropriate, despite the Grids' contrary directive. We do not agree that any claimant who may present a factually analogous situation to the example should automatically be considered disabled. See Abbott v. Sullivan, 905 F.2d 918, 927 (6th Cir. 1990); Mitchell v. Chater, 918 F. Supp. 675, 683 (W.D.N.Y. 1995). Because non-exertional impairments vary, the differing degrees of losses and their effects on the occupational base can best be analyzed by a vocational expert. See Heggarty v. Sullivan, 947 F.2d 990, 996 (1st Cir. 1991). For this reason, the Grids can only be used as a framework where there are non-exertional limitations.

We conclude that substantial evidence, based on Campbell's age, education, and vocational skills in conjunction with the vocational expert's testimony and the Grids, supports the ALJ's determination that Campbell is not disabled within the meaning of the Social Security Act. Accordingly, we affirm the denial of relief. We dispense with

6

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7