UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

PANSY AISTROP,

*Plaintiff-Appellant,*

v.

JO ANNE B. BARNHART,*
COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

No. 01-2216

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CA-00-153-2)

Submitted: April 26, 2002

Decided: June 10, 2002

Before LUTTIG, NIEMEYER, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Roger W. Rutherford, WOLFE & FARMER, Norton, Virginia, for
Appellant. James A. Winn, Regional Chief Counsel, Patricia M.
Smith, Deputy Chief Counsel, Dina White Griffin, Assistant Regional

---

*Jo Anne B. Barnhart became the Commissioner of Social Security on
November 14, 2001. Under Fed. R. App. P. 43(c)(2), Barnhart is auto-
matically substituted as the defendant in this action.

Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; John L. Brownlee, United States Attorney, Thomas L. Eckert, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Pansy M. Aistrop appeals a district court's order accepting a magistrate judge's report and recommendation to grant the Commissioner's motion for summary judgment and to uphold the denial of disability insurance benefits ("DIB"). On appeal, Aistrop challenges whether substantial evidence supports the ALJ's finding that Aistrop's residual capacity for light work was not diminished by non-exertional limitations. We affirm.

This court reviews the Commissioner's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. 42 U.S.C.A. § 405(g) (West Supp. 2001); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hays*, 907 F.2d at 1456. It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. *Id.*

A determination of disability is controlled by the provisions of 20 C.F.R. § 404.1520 (2001), which provides a five-step sequential process under which an ALJ is to evaluate a claim. These steps include:

(1) whether the claimant is working; (2) whether she has a severe impairment; (3) whether that impairment meets or equals a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2001); (4) whether the impairment prevents the performance of past relevant work; and (5) whether the impairment prevents the performance of any work in the national economy. 20 C.F.R. § 404.1520; *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If the ALJ finds that the claimant has failed to meet any step of the process, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). The burden of proof remains with the claimant through the fourth step; however, if she successfully reaches step five, then the burden shifts to the Commissioner to show other jobs exist in the national economy that she can perform. *Id.* The Commissioner may meet this burden by relying on the Medical-Vocational Guidelines (Grids) or by calling a vocational expert to testify. 20 C.F.R. § 404.1566.

Here, the ALJ found that: (1) Aistrop had not engaged in substantial gainful activity since the alleged onset date; (2) on December 31, 1994, the date her insured status ended, Aistrop had cervical arthralgias, degenerative disc disease and depression, which were severe impairments but not impairments or a combination of impairments listed at or medically equal to the ones listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (3) Aistrop's statements concerning her impairments and their impact on her ability to work were not entirely credible based on the reports of the treating practitioners; (4) Aistrop was not able to return to her past relevant work; (5) Aistrop had the full residual functional capacity to perform the physical exertional requirements of a full range of light work activity, which was not significantly diminished by nonexertional limitations. Based on Aistrop's age, education, residual functional capacity, past work experience, and application of the Grids, the ALJ found Aistrop not disabled.

Aistrop contends that she suffered from nonexertional impairments, precluding the ALJ from relying on the Grids in making a disability determination. Hence, she argues that a vocational expert should have been called to testify.

If the claimant has no nonexertional impairments that prevent her from performing the full range of work at a given exertional level, the

Commissioner may rely solely on the Grids to satisfy his burden of proof. *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987); *Gory v. Schweiker*, 712 F.2d 929, 930-31 (4th Cir. 1983). The Grids are dispositive of whether a claimant is disabled only when the claimant suffers from purely exertional impairments. In the case of a claimant who suffers from nonexertional impairments, or a combination of exertional and nonexertional impairments that prevent her from performing a full range of work at a given exertional level, the Grids may be used only as a guide. In such a case, the Commissioner must prove through expert vocational testimony that jobs exist in the national economy which the claimant can perform. 20 C.F.R. § 404.1569a (2001); *Walker v. Bowen*, 889 F.2d 47, 49-50 (4th Cir. 1989). A non-exertional limitation is one that places limitations on functioning or restricts an individual from performing a full range of work in a particular category. *Gory*, 712 F.2d at 930. Nonexertional limitations generally affect an individual's ability to meet the nonstrength demands of jobs and include the ability to hold, grasp, kneel, stoop, and crouch. Pain generally is a nonexertional malady, *Wilson v. Heckler*, 743 F.2d 218, 222 (4th Cir. 1984), but if it manifests itself only upon exertion and is consequently taken into account in the assessment of the claimant's strength, the Grids can suffice to shoulder the Commissioner's burden. *Walker*, 889 F.2d at 49.

Here, the ALJ found that Aistrop's residual functional capacity allowed her to perform the full range of light work, i.e., her residual functional capacity was not reduced by any nonexertional factors. After reviewing the record, we find that this finding is supported by substantial evidence. Accordingly, we affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*